**Carroll R. COCKERELL, et al., Appellants,**

v.

**TAYLOR COUNTY and Jim Ned C.I.S.D., Appellees.**

No. 11–90–241–CV.

Court of Appeals of Texas, Eastland.

Aug. 29, 1991.

Rehearing Denied Sept. 26, 1991.

---

Edward E. Cockerell, Jack Yates, Abilene, for appellants.

Gary L. Hacker, Whitten, Hacker, Hagin, Anderson & Rucker, P.C., Abilene, for appellees.

## OPINION

ARNOT, Justice.

The taxpayers, Carroll R. Cockerell; Bank de Investire, Inc., for itself and as the successor of William A. Henley, Trustee; Anbore, Inc., a wholly owned subsidiary of the successor of MBank Abilene, N.A.; and the Oaks Development Company, sued the taxing units, Taylor County and Jim Ned Consolidated Independent School District, for the refund of the overpayment of taxes. The taxpayers appeal the trial court's dismissal of their cause of action for want of subject matter jurisdiction. We modify and affirm.

The taxpayers own property in the Moses Evans Survey 111 located in Taylor County. Although this survey was patented in 1853 for 640 acres, the actual Letters Patent described 1158.2 acres, thereby creating an excess acreage of 518.2 acres. According to local legend, the discrepancy occurred when the surveyors were chased away by hostile Indians. The taxpayers received deeds of acquittance from the State of Texas in 1987. Because the excess acreage amounted to 44.7376 percent of the total acreage in the survey, the taxpayers filed a suit for recovery of overpayment of taxes for the years 1985, 1986, and 1987 based upon TEX.TAX CODE ANN. § 31.11 (Vernon 1982). The taxing units filed a plea to the jurisdiction of the court, alleging that judicial review of a denial of refund under Section 31.11 is controlled by TEX.TAX CODE ANN. § 42.01 et seq. (Vernon 1982); that taxpayers have failed to follow these provisions; and, therefore, that taxpayers cannot recover. Based upon this plea, the trial court dismissed the taxpayers' cause of action.

By stipulation, the taxpayers and the taxing units agreed that the cause of action is "based on the relief" as provided in Section 31.11.[1] The taxpayers have predicated their suit upon the premise that they have erroneously paid taxes on 518.2 "excess" acres owned by the State. However, "ex-

---

1. Section 31.11 provides:

    (a) If a taxpayer applies to the tax collector of a taxing unit for a refund of an overpayment or erroneous payment of taxes and the auditor for the unit determines that the payment was erroneous or excessive, the tax collector shall refund the amount of the excessive or erroneous payment from available current tax collections or from funds appropriated by the unit for making refunds. How-ever, if the amount of the refund exceeds $500, the collector may not make the refund unless the governing body of the taxing unit also determines that the payment was erroneous or excessive and approves the refund.

    (b) An application for a refund must be made within three years after the date of the payment or the taxpayer waives the right to the refund.

cess" lands[2] are treated as "sold" lands because the State has divested itself of title to these lands. Even though the State can still collect payment for the extra lands in the survey, the extra lands are owned by the vendee in the sense that anyone owns lands that have not yet been fully paid for. *Foster v. Duval County Ranch Co.,* 260 S.W.2d 103 (Tex.Civ.App.—San Antonio 1953, writ ref'd n.r.e.); *Winter v. Cook,* 207 S.W.2d 145 (Tex.Civ.App.—Amarillo 1947, writ ref'd n.r.e.).

In three points of error, the taxpayers complain that the trial court erred in dismissing their cause of action.

■ The taxing units argue that a judicial review of a denial of a refund under Section 31.11 must come under the provisions of Sections 42.01 et seq. We disagree. The Tax Code makes no provision for judicial review of the auditor's determination that a payment was or was not erroneous or excessive. By definition Section 31.11 applies to overpayments or erroneous payments, while Sections 42.01 et seq. applies to judicial review of disputed appraisals or assessments by a review board. Section 31.11 applies in cases where the tax is correctly assessed but the taxpayer errs in paying it. *First Bank of Deer Park v. Deer Park Independent School District,* 770 S.W.2d 849 (Tex. App.—Texarkana 1989, writ den'd); *Texas National Bank of Baytown v. Harris County,* 765 S.W.2d 823 (Tex.App.—Houston [14th Dist.] 1988, writ den'd). In contrast, Sections 42.01 et seq. applies in cases where the amount of the assessment is in issue.

Further, Section 31.11(b) provides that the taxpayer shall have three years to make an application for a refund from the taxing unit. Section 31.11 does not say when a suit must be brought to seek judicial review of the taxing unit's refusal to make a refund. In contrast, Sections 42.01 et seq. provides strict time limits within which the taxpayer must act or lose the right to seek judicial review of the assessment. *Brooks v. Bachus,* 661 S.W.2d 288

(Tex.App.—Eastland 1983, writ ref'd n.r.e.). By definition, the Sections 42.01 et seq. time limits are inconsistent with Section 31.11 which permits review within three years after the erroneous overpayment. For these reasons, it is clear that the right to seek a refund under Section 31.11 is not subject to the time limits of Sections 42.01 et seq.

■ Because it had jurisdiction over the suit for refund under Section 31.11, the trial court erred in dismissing the taxpayers' case. The case should have been decided on the merits. The stipulated facts show that the tax was correctly assessed and that the taxpayers were the owners of the property at the time the taxes were assessed; consequently, they cannot prevail on their cause of action under Section 31.11. Therefore, we reform the judgment to provide that the taxpayers take nothing by their suit for refund. TEX.R.APP.P. 80(b).

The judgment is modified to provide that the taxpayers take nothing by their suit; and the judgment, as modified, is affirmed.

---

**2.** A vacancy is a strip of unsurveyed and unsold public lands. TEX.NAT.RES.CODE ANN. § 51.-172(2) (Vernon 1978). In contrast, excess lands occur when the patented tracts describe land in excess of the amount called for in such grants. TEX.RES.CODE ANN. § 51.246 (Vernon 1978).