**DALLAS CENTRAL APPRAISAL DISTRICT, Appellant,**

v.

**1420 VICEROY LIMITED PARTNERSHIP,**
Appellee.

No. 05–05–00270–CV.

Court of Appeals of Texas, Dallas.

Nov. 18, 2005.

Rehearing Overruled Jan. 20, 2006.

Michael Allan Lang, Peter G. Smith, Nichols, Jackson, Dillard, Hager & Smith, L.L.P., Dallas, for Appellant.

Miles Bradley Haberer, Hunton & Williams, L.L.P., Dallas, for Appellee.

Before Justices MORRIS, WRIGHT, and RICHTER.

## OPINION

Opinion by Justice MORRIS.

In this interlocutory appeal, Dallas Central Appraisal District challenges the trial court's denial of its plea to the jurisdiction. In two issues, the appraisal district contends the trial court lacked subject matter jurisdiction over the lawsuit filed by 1420 Viceroy Limited Partnership because Viceroy's claims fall outside the purview of the Texas Property Tax Code's exclusive remedies and it failed to exhaust its administrative remedies. For the reasons that follow, we affirm the trial court's order denying the appraisal district's plea to the jurisdiction.

1420 Viceroy Limited Partnership sued the appraisal district seeking to recover a refund of penalties, fees, and interest allegedly imposed on its property without proper notice and in violation of due process of law. According to its live pleading, Viceroy did not receive notice that taxes, penalties, fees, and interest were owed on the property until August 2003. It then requested a waiver of penalties, fees, and interest pursuant to section 33.011 of the property tax code, which was denied. Viceroy filed a notice of protest with the appraisal review board challenging the valuation of its property and requesting a refund of penalties, fees, and interest because the tax office never sent it proper notice of these charges. After a hearing, the review board issued an order that "the appraisal roll is correct and that the motion be denied and the applicable appraisal roll not be changed."[1] Viceroy then filed this lawsuit in district court. The appraisal district filed a plea to the jurisdiction, which the trial court denied. This appeal ensued.

In its first issue, the appraisal district contends the trial court lacked subject matter jurisdiction in this case because the property tax code does not permit Viceroy to protest to the appraisal board the failure of the tax office to provide proper notice of accruing penalties, fees, and in-

---

1. Although Viceroy filed a protest under section 41 of the property tax code, the order issued by the appraisal review board was entitled "Order determining motion under section 25.25(d)."

terest due to delinquent property tax payments.

A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of an action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We review the denial of a plea to the jurisdiction de novo. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002). And we liberally construe the pleadings in favor of jurisdiction, focusing on the pleader's intent. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). To prevail on its plea to the jurisdiction, the appraisal district must demonstrate an incurable jurisdictional defect apparent from the face of the pleadings making it impossible for Viceroy's petition to confer jurisdiction in district court. *See Dillard Tex. Operating Ltd. P'ship, L.P. v. City of Mesquite*, 168 S.W.3d 211, 214 (Tex.App.-Dallas 2005, pet. filed).

Section 41.41 of the property tax code sets forth the actions a property owner may protest before the appraisal review board. TEX. TAX CODE ANN. § 41.41 (Vernon 2001). In addition to several actions not relevant here, section 41.41 includes a general right of protest for "any other action of the *chief appraiser, appraisal district,* or *appraisal review board* that applies to and adversely affects the property owner." *Id.* (emphasis added). Likewise, section 41.411 of the property tax code permits property owners to protest "the failure of the *chief appraiser* or the *appraisal review board* to provide or deliver any notice to which the property owner is entitled." TEX. TAX CODE ANN. § 41.411 (Vernon 2001) (emphasis added). Under the plain words of the statute, neither of these sections authorizes or contemplates a protest based upon a *taxing office's* failure to provide a required notice. We there-fore agree with the appraisal district to the extent it asserts Viceroy's protest to the appraisal review board based upon lack of notice from a taxing office was not authorized by the property tax code.

In reaching this conclusion, we necessarily reject Viceroy's assertion that an overwhelming amount of Texas authority supports its contention that a protest based upon the failure of the taxing office to provide proper notice is authorized pursuant to chapter 41. To support its position, Viceroy relies on the following cases: *MAG–T, L.P. v. Travis Central Appraisal District*, 161 S.W.3d 617 (Tex.App.-Austin 2005, pet. denied); *ABT Galveston Ltd. Partnership v. Galveston Central Appraisal District*, 137 S.W.3d 146 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *Harris County Appraisal District v. Dincans*, 882 S.W.2d 75 (Tex.App.-Houston [14th Dist.] 1994, writ denied); *Cockerell v. Taylor County*, 814 S.W.2d 892 (Tex.App.-Eastland 1991, writ denied); and *Matagorda County Appraisal District v. Conquest Exploration Co.*, 788 S.W.2d 687 (Tex.App.-Corpus Christi 1990, no pet.). None of these cases, however, persuades us that our construction of sections 41.41 and 41.411 is incorrect.

The only taxing entities involved in *Dincans* and *Conquest Exploration* were the appraisal districts and appraisal review boards, and neither case involved notices sent by an entity other than the chief appraiser. *See Dincans*, 882 S.W.2d at 76–77; *Conquest Exploration*, 788 S.W.2d at 689. *Cockerell* involved the question of whether the trial court erred in dismissing for want of jurisdiction a taxpayer's suit for a refund for overpayment of taxes under section 31.11 of the property tax code. *Cockerell*, 814 S.W.2d at 893. The East-land Court of Appeals determined the tax-payers' case should have been decided on its merits because the judicial review pro-

visions of section 42.01 *et seq.* apply only to disputed appraisals and assessments and not to overpayments or erroneous payments. *Id.* at 894.

Only two of the cases cited by Viceroy involved a taxing unit's failure to give notice. In *ABT Galveston,* the taxpayers complained of the appraisal district's failure to provide notice of appraised value and the removal of a property tax exemption, as well as the taxing units' failure to deliver notices of an alleged default of tax abatement agreements. *ABT Galveston,* 137 S.W.3d at 152. The court held that both the taxing units and the appraisal district were entitled to summary judgment because the taxpayer did not timely exhaust its administrative remedies. *Id.* at 158. In reaching its conclusion, however, the court focused primarily on the fact that the taxpayers could have protested the failure of the appraisal district to provide any required notice under section 41.411. Likewise, in *MAG–T,* the taxpayers sued the appraisal district, the appraisal review board, and the tax assessor-collector complaining their taxes were raised after the appraisal roll was certified. *MAG–T,* 161 S.W.3d at 621. The taxpayers alleged they did not have to exhaust administrative remedies because the chief appraiser did not send them proper notices under sections 25.19 and 25.23(c) and their supplemental tax bill did not contain a reason for the correction under 26.15(d). *Id.* at 630. The court concluded the taxpayers were not exempted from exhausting their administrative remedies because section 41.411 specifically authorizes an administrative protest on this basis. *Id.* at 630–31. To the extent *ABT* and *MAG–T* can be read to suggest the property tax code authorizes a protest to the appraisal review board based on a taxing unit's failure to provide notice, they provide no analysis or support for such a conclusion. Moreover, this conclusion conflicts with the plain language of sections 41.41 and 41.411 of the property tax code. We therefore decline to follow them on this issue.

■ Although we agree with the appraisal district's assertion that the property tax code does not authorize a protest to the appraisal review board based on a taxing unit's failure to provide notice, we nevertheless conclude that the trial court did not err in denying its plea to the jurisdiction. A district court is a court of general jurisdiction that may hear and determine any cause that is cognizable by courts of law or equity and may grant any relief that could be granted by either courts of law or equity, unless a contrary showing is made. Tex. Gov't Code Ann. § 24.008 (Vernon 2004); *Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 220 (Tex.2002). Citing section 42.09, the appraisal district argues that because the property tax code remedies are exclusive, the lack of an administrative remedy for a tax office's failure to provide a required notice necessarily precludes the trial court from exercising subject matter jurisdiction in this case. We disagree.

Section 42.09(a)(2) provides, in relevant part, that "procedures prescribed by this title for adjudication of the grounds of protest authorized by this title are exclusive, and a property owner may not raise any of those grounds as a basis of a claim for relief in a suit by the property owner to … obtain a refund of taxes paid." Tex. Tax Code Ann. § 42.09(a)(2). The basis of Viceroy's complaint in the trial court, however, is not a ground of protest contained in the property tax code. Therefore, section 42.09's exclusivity provision is not applicable and does not preclude the trial court from exercising subject matter jurisdiction over Viceroy's lawsuit. We resolve the appraisal district's first issue against it. In light of our determination that Vice-

roy's trial court complaint is not a ground of protest under the property tax code, we necessarily reject the contentions raised in the appraisal district's second issue involving the exhaustion of administrative remedies.

We affirm the trial court's judgment.