**Bernard DOLENZ, Appellant,**

v.

**DALLAS CENTRAL APPRAISAL DISTRICT and Dallas County Appraisal Review Board, Appellees.**

No. 05–07–00885–CV.

Court of Appeals of Texas, Dallas.

June 30, 2008.

Rehearing Overruled Aug. 5, 2008.

---

Bernard Dolenz, Dallas, TX, pro se.

Michael Allan Lang, Nichols, Jackson, Dillard, Hager & Smith, L.L.P., Dallas, TX, for Appellee.

Before Justices WHITTINGTON, RICHTER, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

In this ad valorem tax case, Bernard Dolenz appeals the trial court's judgment dismissing his claims against the Dallas Central Appraisal District and the Dallas County Appraisal Review Board for want of subject-matter jurisdiction. We affirm.

## BACKGROUND

On December 11, 2003, Bernard Dolenz transferred through a quitclaim deed the property at 6102 Swiss Avenue in Dallas (the property) to the Universal Life Church of Texas Trust (the Trust). Appellant is the trustee of the Trust. At the same time, the Trust and appellant as trustee transferred to appellant individual-

ly a life interest in the property. On September 16, 2005, the church's board of directors, of which appellant was the president, determined that appellant "shall have authority as the secular head of [the church] to represent this body in his individual capacity or in any other capacity such as Trustee or a clergyman before any recognized body of authority such as courts or ecclesiastical groups."

In 2005, appellant and the Trust protested the tax assessments on the property for the years 2003, 2004, and 2005, asserting the property was exempt from taxes because it was owned by a religious organization. *See* TEX. TAX CODE ANN. § 11.20 (Vernon 2008). The appraisal review board held a hearing on the protests and, on September 29 and November 17, 2005, denied relief.[1] Appellant, as trustee, then brought suit in district court on November 4, 2005 on behalf of the Trust appealing the denial of the exemption and seeking a declaratory judgment that the property was exempt from taxation. Appellant purported to represent the Trust in court, but because he is not an attorney,[2] appellees filed a motion requesting appellant show his authority to act on the Trust's behalf. On May 8, 2006, following a hearing, the trial court concluded appellant could not represent the Trust and entered an order giving the Trust thirty days to retain counsel. On June 6, 2006, appellant filed a pro se petition in intervention, asserting he had a life estate in the property and appealing the denial of the tax exemption for the property. The Trust failed to retain counsel and, on June 16, 2006, the trial court dismissed the Trust's claims in a "Final Order of Dismissal."

Appellant appealed the dismissal of his individual claims. We determined the trial court's "Final Order of Dismissal" was interlocutory because it did not dispose of appellant's claims, and we dismissed the appeal for want of jurisdiction. *See Dolenz v. Dallas Cent. Appraisal Dist.*, No. 05–06–01110–CV, 2007 WL 530011 (Tex. App.-Dallas Feb.22, 2007, no pet.) (mem. op.).

Appellees then filed a supplemental plea to the jurisdiction asserting the court lacked subject-matter jurisdiction over appellant's suit. After a hearing, the trial court dismissed the cause for want of subject-matter jurisdiction.

## JURISDICTION

■■■ Appellant contends the trial court erred in dismissing the case for want of jurisdiction because appellees admitted in their responses to requests for admission that the court had jurisdiction. We disagree; subject-matter jurisdiction cannot be conferred by judicial admission. *In re A.C.S.*, 157 S.W.3d 9, 15 (Tex.App.-Waco 2004, no pet.).

Appellees asserted in their plea to the jurisdiction that the trial court lacked subject-matter jurisdiction because, *inter alia*, appellant lacked standing to protest the taxes assessed on the property and he failed to follow the exclusive procedures for appealing the appraisal review board's action, including failing to timely file his appeal in district court.

---

**1.** The record contains orders dated September 29, 2005 denying appellant's and the Trust's protests. After receiving those orders, appellant asserted he did not receive notice of the hearing leading to them. Counsel for appellees told the trial court that the appraisal review board held a second hearing on November 1, 2005. The trial court made a finding of fact that the appraisal review board denied appellant's protests on November 17, 2005.

**2.** Appellant was disbarred June 2, 2000.

■ Subject-matter jurisdiction cannot be waived, and it may be raised at any point in the proceeding. *Alfonso v. Skadden,* 251 S.W.3d 52, 55 (Tex.2008) (per curiam); *OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P.,* 234 S.W.3d 726, 735 (Tex.App.-Dallas 2007, pet. denied). "Whether a court has subject matter jurisdiction is a question of law." *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004); *see also Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda,* 133 S.W.3d at 226. "We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent." *Id.; see Dallas Cent. Appraisal Dist. v. 1420 Viceroy Ltd. P'ship,* 180 S.W.3d 267, 269 (Tex.App.-Dallas 2005, no pet.) ("[W]e liberally construe the pleadings in favor of jurisdiction, focusing on the pleader's intent."). "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Miranda,* 133 S.W.3d at 226–27 (citing *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002)). "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Id.* at 227.

■ Appellees assert appellant failed to comply with section 42.21 of the Tax Code. Section 42.21 requires a party bringing an appeal of an appraisal review board decision to file a petition for review in district court within forty-five days after the party received notice that a final appealable order was entered. TEX. TAX CODE ANN. § 42.21(a) (Vernon 2008). The failure to file the petition for review timely deprives the trial court of jurisdiction over the claim. *Appraisal Rev. Bd. v. Int'l Church of Foursquare Gospel,* 719 S.W.2d 160, 160 (Tex.1986) (per curiam); *Gregg County Appraisal Dist. v. Laidlaw Waste Sys., Inc.,* 907 S.W.2d 12, 16 (Tex.App.-Tyler 1995, writ denied).

In this case, the appraisal review board rejected appellant's and the Trust's appeals of the request for exemption on September 29 and November 17, 2005. Appellant, as trustee of the Trust, filed a petition for review on November 4, 2005, but appellant did not file his suit on his own behalf until June 6, 2006, well outside the forty-five-day deadline. Because appellant did not timely file suit, the district court lacked jurisdiction over appellant's appeal of the appraisal review board's denial of his protests.

■ Appellant argues that if the Tax Code's provisions leave the district court without jurisdiction to adjudicate his appeal of the appraisal review board's denial of the exemption for the property, then those provisions violate his rights to due process, to access to the courts, and to open courts as guaranteed by the United States and Texas constitutions. The Texas courts have held that the Tax Code's provisions do not deny a taxpayer these rights. *See Gen. Elec. Credit Corp. v. Midland Cent. Appraisal Dist.,* 808 S.W.2d 169, 172 (Tex.App.-El Paso), *rev'd in part on other grounds,* 826 S.W.2d 124 (Tex.1991) (per curiam).

We conclude the trial court did not err in granting appellees' plea to the jurisdiction and dismissing appellant's suit for

want of jurisdiction.  We affirm the trial court's judgment.