Bernard **DOLENZ, LIFE ESTATE,** Appellant,

v.

**DALLAS CENTRAL APPRAISAL DISTRICT and Appraisal Review Board of Dallas County,** Appellees.

No. 05–08–00485–CV.

Court of Appeals of Texas, Dallas.

Aug. 13, 2009.

Rehearing Overruled Sept. 21, 2009.

Bernard Dolenz, Dallas, TX, pro se.

Peter G. Smith, Nichols, Jackson, Dillard, Hager & Smith, L.L.P., Dallas, TX, for appellee.

Before Justices MOSELEY, FITZGERALD, and LANG–MIERS.

**OPINION**

Opinion By Justice LANG–MIERS.

This is an ad valorem tax dispute. Bernard Dolenz, Life Estate, appeals the trial court's order dismissing his lawsuit for want of subject-matter jurisdiction. We affirm.

On December 11, 2003, Bernard Dolenz conveyed the property at 6102 Swiss Avenue in Dallas by quitclaim deed to the Universal Life Church of Texas Trust. Dolenz is trustee of ULC. Contemporaneous with the quitclaim deed, the Trust and Dolenz, as trustee, conveyed a life estate in the property to Dolenz. The conveyance also contained the following language:

> For administration of the ULC of Texas Trust, Bernard Dolenz as Trustee of the same, shall have allof [sic] his necessaries paid by the ULC of Texas Trust as they become due as living expenses, transportaton [sic] expenses, housing ex-

penses, clothing expenses, and any and all other necessaries.

In 2006 and 2007, Dolenz protested the tax assessments on the property, asserting that ULC qualifies as a religious organization and the Swiss Avenue property is therefore exempt from taxation pursuant to section 11.20 of the Texas Tax Code.[1] After a hearing, the Appraisal Review Board denied the exemption.

Dolenz then filed suit. Although captioned in the name of "Bernard Dolenz, Life Estate," the body of the petition identified the plaintiff as "Trustee of the ULC of Texas a/k/a COMMUNITY OF HIS DIVINE MERCY" and asserted that the ULC "contends it is an unincorporated non-profit religious association that qualifies as a religious organization" consistent with the tax code and the Texas Constitution. Dolenz sought, on behalf of ULC, a declaration that ULC was exempt from taxes.

Appellees filed a motion to show authority and plea to the jurisdiction, asserting that Dolenz did not have authority to represent ULC because he is not an attorney and that he did not have standing because he failed to meet the statutory definition of owner. After a hearing, the trial court granted appellees' plea to the jurisdiction, but gave Dolenz thirty days to show authority to prosecute the case on behalf of the Trust. Dolenz filed a pro se motion to reconsider. After the deadline to show authority passed, an attorney filed a notice of appearance as counsel "for the Plaintiff, Bernard Dolenz, Life Estate." The attorney appeared on behalf of Dolenz at the hearing on Dolenz's pro se motion to re-

consider. On the same day, the trial court signed an order finding that Dolenz did not show sufficient authority, granted appellees' plea to the jurisdiction and motion to show authority, and dismissed the case with prejudice.

■ In his first issue, Dolenz argues that the trial court erred by dismissing his suit for want of jurisdiction. We review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex.2004). When the plea to the jurisdiction challenges the existence of jurisdictional facts, we consider the relevant evidence submitted by the parties when it is necessary to resolve jurisdictional issues. *Id.* at 227.

■ A property owner is entitled to appeal an order of the appraisal review board determining a protest by the property owner of the denial of an exemption. TEX. TAX CODE ANN. §§ 41.41(a)(4), 42.01(1)(A) (Vernon 2008). Additionally, a person who is leasing real property and who has a contractual obligation to pay the taxes on the property may appeal the review board's determination of a protest on the appraised value of the property and will be considered the property owner for purposes of the appeal. TEX. TAX CODE ANN. §§ 41.413(b), 42.015 (Vernon 2008).

■ Dolenz argues that he has a "personal stake" in this controversy and will be "personally aggrieved" if "the ULC of Texas d/b/a Community of his Divine Mercy and/or the Life Estate does not prevail on tax exemption status as Dolenz will be ousted since he himself cannot pay the

---

1. The Notice of Protest For Year 2006 listed Universal Life Church of Texas Trust as the owner of the Swiss Avenue Property. On the notice form, Dolenz checked the box indicating "[o]wnership is wrong" and signed the form as Bernard Dolenz, Life Estate and Ber-

nard Dolenz, Trustee ULC, as owner. The following year, the Notice of Protest listed the owner as Bernard J. Dolenz, Life Estate, and Dolenz again complained that ownership "is wrong" and signed the form as Bernard Dolenz, Trustee.

taxes through foreclosure for taxes or other remedies." In response, appellees assert that Dolenz is not a property owner nor does he have a leasehold interest requiring him to pay taxes.

First, we note that in the proceedings below, Dolenz repeatedly took the position that ULC Texas Trust was the owner of the property and that he had only a "right to use and enjoy property vested in another." For example, in a September 19, 2007 letter to the Appraisal District protesting the 2007 denial, Dolenz specifically asserted that the "vested true owner is the ULC of Texas Trust, not the Life Estate of Bernard Dolenz" and that the life estate "has no property interest." Additionally, the evidence establishes that Dolenz is not liable for the taxes on the property. The document conveying a life estate to Dolenz expressly provided that Dolenz "shall have allof [sic] his necessaries paid by the ULC of Texas Trust as they become due as living expenses, transportaton [sic] expenses, housing expenses, clothing expenses, and any and all other necessaries." The clear import of this provision is to ensure that Dolenz have "all of" his expenses paid, and in particular, all "housing expenses." We construe this language, as did the trial court, to mean that Dolenz, as the life tenant, had no obligation to the owner to pay the taxes. Further, we note that Dolenz made no argument below that the trial court misconstrued the provision. Under these circumstances, we cannot conclude that the trial court erred in determining that Dolenz had no standing to challenge the exemption ruling. To the extent that he contends that he is being denied access to the courts in violation of the open courts provision of the Texas Constitution, his argument is conclusory and inadequately briefed. TEX.R.APP. P. 38.1(i). We overrule the first issue.

■ In his second issue, Dolenz contends that the trial court erred by dismissing his case because appellees did not file a verified pleading pursuant to Texas Rule of Civil Procedure 93. As support for this issue, appellant recites law regarding capacity to sue. Capacity to sue and standing are separate legal concepts, and rule 93 does not require verification of a standing issue. *See Prostok v. Browning,* 112 S.W.3d 876, 921 (Tex.App.-Dallas 2003), *rev'd in part on other grounds,* 165 S.W.3d 336 (Tex.2005). Regardless, appellees' motion to show authority and plea to the jurisdiction was verified. We overrule the second issue.

■ In his third issue, Dolenz contends that he was entitled to prosecute his rights as an assignee of ULC. Here, Dolenz recites a paragraph from Texas Jurisprudence containing a general description of the law of assignments, but he does not discuss how that law applies to a judicial appeal of an administrative proceeding where there is no compensable recovery, simply the determination as to whether an exemption applies for ad valorem tax purposes. Given the failure to provide any discussion of the law to the applicable facts, we conclude that the issue is inadequately briefed. *See* TEX.R.APP. P. 38.1(i). We overrule the third issue.

In his fourth issue, Dolenz asserts that the trial court erred by dismissing the case "as (1) Bernard Dolenz Life Estate and (2) Bernard Dolenz as an intervenor were denied due process because they had standing with a timely hired licensed Texas attorney." Dolenz cites one sentence of law for the general legal proposition regarding when a party may intervene in a lawsuit. Again, however, he fails to provide any discussion of the law cited to the relevant facts of this case. Consequently, we conclude that the issue is inadequately

briefed. *See* Tex.R.App. P. 38.1(i). We overrule the fourth issue.

■ In his fifth issue, Dolenz argues that the trial court erred by dismissing his case for want of jurisdiction because appellees admitted in their responses to requests for admissions that they were "currently unaware of any administrative prerequisites that were not met by Plaintiff" and that they "were not seeking damages/taxes." We disagree. Subject-matter jurisdiction cannot be conferred by judicial admission. *Dolenz v. Dallas Cent. Appraisal Dist.*, 259 S.W.3d 331, 333 (Tex. App.-Dallas 2008, pet. denied), *cert. dism'd,* — U.S. ——, 129 S.Ct. 1685, 173 L.Ed.2d 1035 (2009). Additionally, this issue was not raised in the trial court and was not preserved for appellate review. *See* Tex.R.App. P. 33.1(a). Regardless, appellees were not seeking, nor were they awarded, damages in this case. We overrule the fifth issue.

We affirm the trial court's order dismissing the case for want of jurisdiction.