

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-10-00338-CV

LEWISVILLE INDEPENDENT                                        APPELLANT
SCHOOL DISTRICT

V.

CH TOWNHOMES, INC.                                                APPELLEE

----------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

----------

## OPINION

----------

### I. INTRODUCTION

Appellant Lewisville Independent School District (LISD) appeals an order denying its plea to the jurisdiction and motion to dismiss. Because we hold that tax code section 31.11 does not clearly and unambiguously express a legislative intent to waive governmental immunity from suit, we will reverse the trial court's order and render judgment dismissing Appellee CH Townhomes, Inc.'s (CHT) suit against LISD.

## II. Factual and Procedural Background

CHT filed its original petition for a tax refund against LISD in July 2008. It alleged that LISD had sued it in August 2006 to collect unpaid, delinquent ad valorem taxes; that it had tendered payment in full of the unpaid taxes to LISD; but that it was overcharged in the amount of $17,666.18 for the funds paid to LISD. CHT subsequently requested a refund from the Denton County Tax Assessor/Collector, citing tax code section 31.11, but the request was denied. CHT asserted only one claim against LISD—an action under section 31.11 for a refund of the overpaid taxes.

LISD filed—and twice amended—a plea to the jurisdiction and motion to dismiss, arguing that because LISD's governmental immunity from suit had not been waived by section 31.11, the trial court lacked subject-matter jurisdiction over CHT's suit. The trial court denied LISD's plea to the jurisdiction and motion to dismiss, and LISD filed its notice of this accelerated, interlocutory appeal.

## III. No Clear and Unambiguous Waiver of Immunity

In its first issue, LISD argues that the trial court erred by denying its plea to the jurisdiction and motion to dismiss because tax code section 31.11 does not waive its governmental immunity from suit.

## A.     Standard of Review

A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action.  *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).  The party suing a governmental entity has the burden of affirmatively showing that the trial court has subject-matter jurisdiction. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).  If a trial court lacks subject-matter jurisdiction over a claim, the claim must be dismissed. *Tex. Dep't of Transp. v. Garza*, 70 S.W.3d 802, 808 (Tex. 2002).  Whether the trial court has subject-matter jurisdiction is a question of law that we review de novo.  *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

## B.     Governmental Immunity and Waiver

Governmental immunity protects political subdivisions of the State, including school districts, from lawsuits for damages.  *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006).  Governmental immunity, like the doctrine of sovereign immunity to which it is appurtenant, involves two issues: whether the State has consented to suit and whether the State has accepted liability.  *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009).  Immunity from suit is jurisdictional and bars suit unless the State expressly waives immunity or consents to the suit.  *Id.*; *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).  The legislature has mandated that a statute shall not be construed as a waiver of immunity unless the waiver is

3

effected by clear and unambiguous language. *See* Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2010) ("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."); *Sw. Bell Tel., L.P. v. Harris Cnty. Toll Road Auth.*, 282 S.W.3d 59, 68 (Tex. 2009); *IT-Davy*, 74 S.W.3d at 853 (stating that it is the legislature's sole province to waive or abrogate immunity). In the absence of express waiver language, the supreme court has utilized several aids to help analyze statutes for legislative consent to sue: (1) whether the statute waives immunity beyond doubt; (2) ambiguity as to waiver is resolved in favor of retaining immunity; (3) if the legislature requires the joinder of a governmental entity in a suit for which immunity would otherwise attach, the legislature has waived immunity; and (4) if the legislature simultaneously enacts legislation limiting the governmental unit's potential liability, a waiver of immunity may be found. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697–98 (Tex. 2003).

In construing a statute, our objective is to determine and give effect to the legislature's intent by looking to the plain and common meaning of the statute's words. *Harris Cnty. Hosp. Dist.*, 283 S.W.3d at 842. We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words that the legislature chose. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997) (citing *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985)).

4

## C.     No Waiver of Governmental Immunity

Title 1 of the tax code, which includes section 31.11, contains the property tax code. Tex. Tax Code Ann. §§ 1.01–43.04 (Vernon 2008 & Supp. 2010). The property tax code codifies the constitutional obligation of our state government to appraise and assess property for taxation purposes. *See* Tex. Const. art. VIII, § 1(b) (requiring that all property, unless exempt, be taxed in proportion to its value); *Atascosa Cnty. v. Atascosa Cnty. Appraisal Dist.*, 990 S.W.2d 255, 257 (Tex. 1999). Among other things, it creates appraisal districts and requires each district to appraise property for the ad valorem taxing units within the district. *Id.*; Tex. Tax Code Ann. § 6.01(b) (Vernon 2008). Chapter 31 sets forth standards relating to collection of property taxes, and section 31.11 specifically concerns refunds of overpayments or erroneous payments. Tex. Tax Code Ann. §§ 31.01–.12 (Vernon 2008 & Supp. 2010). The version of section 31.11(a) that CHT directs us to provided in relevant part as follows:

> (a) If a taxpayer applies to the tax collector of a taxing unit for a refund of an overpayment or erroneous payment of taxes and the auditor for the unit determines that the payment was erroneous or excessive, the tax collector shall refund the amount of the excessive or erroneous payment from available current tax collections or from funds appropriated by the unit for making refunds.

*Id.* § 31.11(a) (Vernon 2008).[1]  CHT does not contend that any other subsection of section 31.11 or that any other section in chapter 31 is relevant to this waiver inquiry.[2]

Section 31.11(a) addresses the procedure available to a taxpayer to obtain a refund of an overpayment or erroneous payment of taxes and nothing else.  It does not contain any language expressly waiving immunity from suit, and indeed, the language used by the legislature stands in stark contrast to other statutes that clearly and unambiguously waive immunity from suit.[3]  *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 63.007(b) (Vernon 2008) ("The state's sovereign immunity to suit is waived only to the extent necessary to authorize a garnishment action in accordance with this section."), § 81.010(d) (Vernon 2011) ("Governmental immunity to suit is waived and abolished only to the extent of the

---

[1]The current version of section 31.11(a) requires that the collector for the unit determine whether the payment was erroneous or excessive and that the auditor for the unit agree with the collector's determination.  Tex. Tax Code Ann. § 33.11(a) (Vernon Supp. 2010).

[2]CHT also confirmed in its brief that it "did not assert a request for relief outside that allowed by the Texas Tax Code."

[3]CHT points out that "tax statutes are to be construed strictly against the taxing authority and liberally in favor of the person sought to be held liable for the tax" and that a curative or remedial statute, such as section 31.11, must be construed in "the most comprehensive and liberal way possible."  *See Jackson Hotel Corp. v. Wichita Cnty. Appraisal Dist.*, 980 S.W.2d 879, 882 (Tex. App.— Fort Worth 1998, no writ); *Jim Sowell Constr. Co., Inc. v. Dallas Cent. Appraisal Dist.*, 900 S.W.2d 82, 84–85 (Tex. App.—Dallas 1995, writ denied).  To the extent that these standards do not conflict with the standards articulated above regarding governmental immunity and its waiver, they do not alter our ultimate conclusion.

liability created by Subsection (b)."), § 101.025(a) (Vernon 2011) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter."); Tex. Gov't Code Ann. § 2007.004(a) (Vernon 2008) ("Sovereign immunity to suit and liability is waived and abolished to the extent of liability created by this chapter."), § 554.0035 (Vernon 2004) ("A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity . . . . Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter."); Tex. Prop. Code Ann. § 74.506(c) (Vernon 2007) ("The state's immunity from suit without consent is abolished with respect to suits brought under this section."). The legislature knows how to draft language waiving immunity from suit, but it clearly did not implement such language in section 31.11(a). Likewise, other sections in chapter 31 do not reflect legislative intent to waive immunity for a refund-dispute claim. *See, e.g.,* Tex. Tax Code Ann. § 31.01 (addressing tax bills), § 31.03 (addressing split payment of taxes), §§ 31.031–.032 (addressing installment payments), § 31.05 (addressing discounts), §§ 31.07–.071 (addressing payments), § 31.12 (addressing when refund is required) (Vernon 2008 & Supp. 2010). Consequently, we cannot conclude that section 31.11(a) waives immunity from suit beyond doubt. *See Wichita Falls State Hosp.*, 106 S.W.3d at 697.

The other aids that the supreme court has utilized to help analyze statutes for legislative consent to sue do not support CHT's contention that section 31.11

7

waives immunity, nor does CHT even assert any such arguments. Specifically, section 31.11 raises no ambiguity as to immunity from suit.[4] Chapters 41, 42, and 43 address administrative remedies for property-owner contests to certain appraisal decisions of appraisal review boards, but nothing in chapter 31 sets out a separate procedure—administrative or otherwise—by which to address issues concerning collection matters, including the filing of a petition in district court and the requirement that a governmental unit be joined in that lawsuit. *See MHCB (USA) Leasing & Fin. Corp. v. Galveston Cent. Appraisal Dist.*, 249 S.W.3d 68, 81–82 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (explaining procedures of property-owner contests). And section 31.11 does not contain any objective limitation on a political subdivision's potential liability. *See Wichita Falls State Hosp.*, 106 S.W.3d at 697–98.

CHT argues that another intermediate appellate court has "determined this very issue." *See Cockerell v. Taylor Cnty.*, 814 S.W.2d 892, 894 (Tex. App.— Eastland 1991, writ denied). We disagree. The taxpayers in *Cockerell* sued taxing units under section 31.11 to recover for an alleged overpayment of taxes. *Id.* at 893. The taxing units filed a plea to the jurisdiction, "alleging that judicial review of a denial of refund under Section 31.11 is controlled by Tex. Tax Code Ann. § 42.01 et seq. . . . ; that taxpayers have failed to follow these provisions;

---

[4]Section 31.11 does not even seem to contemplate a governmental entity's involvement in litigation, but even if it did, such language does not "clearly and unambiguously waive" the entity's immunity from suit. *See Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 837 (Tex. 2010).

and, therefore, that taxpayers cannot recover." *Id.* The trial court dismissed the taxpayers' action "[b]ased upon this plea." *Id.* The appellate court therefore addressed whether the trial court had erred by dismissing the taxpayers' action on the ground that they erroneously failed to follow the provisions set out in chapter 42. *Id.* at 894. Although the appellate court explained that the purpose of section 31.11 differed from the purposes of chapter 42, it did not consider—or even remotely approach the issue of—whether section 31.11 waived governmental immunity. *Cockerell* is, therefore, inapposite.

Citing no authority, CHT also argues that "[w]ithout the right to appeal to district court the refusal of a taxing authority to return funds falling within the purview of § 31.11 . . . , taxing authorities have no enforceable obligation to return funds to taxpayers as contemplated by this provision." But our task in this appeal is not specifically to consider whether or not taxing authorities do or do not have an enforceable obligation under section 31.11 to make a refund to taxpayers; instead, our task is to determine whether section 31.11 waives governmental immunity from suit. Nor does our determination that immunity is preserved render section 31.11 meaningless; the statute sets out in detail the procedures for obtaining a refund for overpaid or erroneously paid taxes and, therefore, has a purpose absent a waiver of immunity. *See generally Romo v. Cavender Toyota, Inc.*, 330 S.W.3d 648, 655–56 (Tex. App.—San Antonio 2010, no pet.) (reasoning that provisions of transportation code not rendered meaningless if immunity not waived under transportation code section 501.137).

9

We hold that tax code section 31.11 does not clearly and unambiguously express a legislative intent to waive governmental immunity from suit. Consequently, LISD enjoys governmental immunity from CHT's suit, which deprived the trial court of subject-matter jurisdiction, and the trial court erred by denying LISD's plea to the jurisdiction and motion to dismiss. We sustain LISD's first issue. Having sustained LISD's first issue, we need not address its second issue, in which it argues that CHT failed to pursue the tax code's exclusive remedies. *See* Tex. R. App. P. 47.1.

## IV. CONCLUSION

Having sustained LISD's first issue, we reverse the trial court's order denying LISD's plea to the jurisdiction and motion to dismiss and render judgment dismissing CHT's action against LISD for lack of subject-matter jurisdiction. *See* Tex. R. App. P. 43.2(c).

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

DELIVERED: April 21, 2011

10