02-10-338-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00338-CV

 

 


 
 
 Lewisville Independent School District
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 CH Townhomes, Inc.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 362nd
District Court OF Denton COUNTY

----------

 

OPINION

----------

 

I.  Introduction

          Appellant
Lewisville Independent School District (LISD) appeals an order denying its plea
to the jurisdiction and motion to dismiss.  Because we hold that tax code
section 31.11 does not clearly and unambiguously express a legislative intent
to waive governmental immunity from suit, we will reverse the trial court’s
order and render judgment dismissing Appellee CH Townhomes, Inc.’s (CHT) suit
against LISD.

II.  Factual
and Procedural Background

          CHT
filed its original petition for a tax refund against LISD in July 2008.  It alleged
that LISD had sued it in August 2006 to collect unpaid, delinquent ad valorem
taxes; that it had tendered payment in full of the unpaid taxes to LISD; but that
it was overcharged in the amount of $17,666.18 for the funds paid to LISD.  CHT
subsequently requested a refund from the Denton County Tax Assessor/Collector,
citing tax code section 31.11, but the request was denied.  CHT asserted only
one claim against LISD—an action under section 31.11 for a refund of the
overpaid taxes.

          LISD
filed—and twice amended—a plea to the jurisdiction and motion to dismiss,
arguing that because LISD’s governmental immunity from suit had not been waived
by section 31.11, the trial court lacked subject-matter jurisdiction over CHT’s
suit.  The trial court denied LISD’s plea to the jurisdiction and motion to
dismiss, and LISD filed its notice of this accelerated, interlocutory appeal.

III.  No Clear
and Unambiguous Waiver of Immunity

          In
its first issue, LISD argues that the trial court erred by denying its plea to
the jurisdiction and motion to dismiss because tax code section 31.11 does not waive
its governmental immunity from suit.

          A.      Standard
of Review

          A
plea to the jurisdiction is a dilatory plea by which a party challenges a court’s
authority to determine the subject matter of the action.  Bland ISD v. Blue,
34 S.W.3d 547, 554 (Tex. 2000).  The party suing a governmental entity has the
burden of affirmatively showing that the trial court has subject-matter
jurisdiction.  Tex. Dep’t of Criminal Justice v. Miller, 51 S.W.3d 583,
587 (Tex. 2001).  If a trial court lacks subject-matter jurisdiction over a
claim, the claim must be dismissed.  Tex. Dep’t of Transp. v. Garza, 70
S.W.3d 802, 808 (Tex. 2002).  Whether the trial court has subject-matter
jurisdiction is a question of law that we review de novo.  Tex. Natural
Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).

          B.      Governmental
Immunity and Waiver

          Governmental
immunity protects political subdivisions of the State, including school districts,
from lawsuits for damages.  Reata Constr. Corp. v. City of Dallas, 197
S.W.3d 371, 374 (Tex. 2006).  Governmental immunity, like the doctrine of
sovereign immunity to which it is appurtenant, involves two issues:  whether
the State has consented to suit and whether the State has accepted liability.  Harris
Cnty. Hosp. Dist. v. Tomball Reg’l Hosp., 283 S.W.3d 838, 842 (Tex. 2009). 
Immunity from suit is jurisdictional and bars suit unless the State expressly
waives immunity or consents to the suit.  Id.; Tex. Dep’t of Transp.
v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  The legislature has mandated that
a statute shall not be construed as a waiver of immunity unless the waiver is
effected by clear and unambiguous language.  See Tex. Gov’t Code Ann. § 311.034
(Vernon Supp. 2010) (“In order to preserve the legislature’s interest in
managing state fiscal matters through the appropriations process, a statute
shall not be construed as a waiver of sovereign immunity unless the waiver is
effected by clear and unambiguous language.”); Sw. Bell Tel., L.P. v. Harris
Cnty. Toll Road Auth., 282 S.W.3d 59, 68 (Tex. 2009); IT-Davy, 74
S.W.3d at 853 (stating that it is the legislature’s sole province to waive or
abrogate immunity).  In the absence of express waiver language, the supreme
court has utilized several aids to help analyze statutes for legislative
consent to sue:  (1) whether the statute waives immunity beyond doubt; (2) ambiguity
as to waiver is resolved in favor of retaining immunity; (3) if the
legislature requires the joinder of a governmental entity in a suit for which
immunity would otherwise attach, the legislature has waived immunity; and (4) if
the legislature simultaneously enacts legislation limiting the governmental
unit’s potential liability, a waiver of immunity may be found.  Wichita
Falls State Hosp. v. Taylor, 106 S.W.3d 692, 697–98 (Tex. 2003).

          In
construing a statute, our objective is to determine and give effect to the
legislature’s intent by looking to the plain and common meaning of the
statute’s words.  Harris Cnty. Hosp. Dist., 283 S.W.3d at 842.  We must
not engage in forced or strained construction; instead, we must yield to the
plain sense of the words that the legislature chose.  St. Luke’s Episcopal
Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997) (citing RepublicBank
Dallas, N.A. v. Interkal, Inc., 691 S.W.2d 605, 607 (Tex. 1985)).

          C.      No
Waiver of Governmental Immunity

          Title
1 of the tax code, which includes section 31.11, contains the property tax
code.  Tex. Tax Code Ann. §§ 1.01–43.04 (Vernon 2008 & Supp. 2010).  The
property tax code codifies the constitutional obligation of our state government
to appraise and assess property for taxation purposes.  See Tex. Const.
art. VIII, § 1(b) (requiring that all property, unless exempt, be taxed in
proportion to its value); Atascosa Cnty. v. Atascosa Cnty. Appraisal Dist.,
990 S.W.2d 255, 257 (Tex. 1999).  Among other things, it creates appraisal
districts and requires each district to appraise property for the ad valorem
taxing units within the district.  Id.; Tex. Tax Code Ann. § 6.01(b)
(Vernon 2008).  Chapter 31 sets forth standards relating to collection of
property taxes, and section 31.11 specifically concerns refunds of overpayments
or erroneous payments.  Tex. Tax Code Ann. §§ 31.01–.12 (Vernon 2008 &
Supp. 2010).  The version of section 31.11(a) that CHT directs us to provided
in relevant part as follows:

          (a) If
a taxpayer applies to the tax collector of a taxing unit for a refund of an
overpayment or erroneous payment of taxes and the auditor for the unit
determines that the payment was erroneous or excessive, the tax collector shall
refund the amount of the excessive or erroneous payment from available current
tax collections or from funds appropriated by the unit for making refunds.

 

Id. § 31.11(a)
(Vernon 2008).[1]  CHT does not contend
that any other subsection of section 31.11 or that any other section in chapter
31 is relevant to this waiver inquiry.[2]

          Section
31.11(a) addresses the procedure available to a taxpayer to obtain a refund of
an overpayment or erroneous payment of taxes and nothing else.  It does not
contain any language expressly waiving immunity from suit, and indeed, the language
used by the legislature stands in stark contrast to other statutes that clearly
and unambiguously waive immunity from suit.[3]  See, e.g., Tex.
Civ. Prac. & Rem. Code Ann. § 63.007(b) (Vernon 2008) (“The state’s
sovereign immunity to suit is waived only to the extent necessary to authorize
a garnishment action in accordance with this section.”), § 81.010(d)
(Vernon 2011) (“Governmental immunity to suit is waived and abolished only to
the extent of the liability created by Subsection (b).”), § 101.025(a)
(Vernon 2011) (“Sovereign immunity to suit is waived and abolished to the
extent of liability created by this chapter.”); Tex. Gov’t Code Ann. § 2007.004(a)
(Vernon 2008) (“Sovereign immunity to suit and liability is waived and
abolished to the extent of liability created by this chapter.”), § 554.0035
(Vernon 2004) (“A public employee who alleges a violation of this chapter may
sue the employing state or local governmental entity . . . . 
Sovereign immunity is waived and abolished to the extent of liability for the
relief allowed under this chapter for a violation of this chapter.”); Tex.
Prop. Code Ann. § 74.506(c) (Vernon 2007) (“The state’s immunity from suit
without consent is abolished with respect to suits brought under this
section.”).  The legislature knows how to draft language waiving immunity from
suit, but it clearly did not implement such language in section 31.11(a).  Likewise,
other sections in chapter 31 do not reflect legislative intent to waive
immunity for a refund-dispute claim.  See, e.g., Tex. Tax Code Ann. § 31.01
(addressing tax bills), § 31.03 (addressing split payment of taxes), §§ 31.031–.032
(addressing installment payments), § 31.05 (addressing discounts), §§ 31.07–.071
(addressing payments), § 31.12 (addressing when refund is required)
(Vernon 2008 & Supp. 2010).  Consequently, we cannot conclude that section
31.11(a) waives immunity from suit beyond doubt.  See Wichita Falls State
Hosp., 106 S.W.3d at 697.

          The
other aids that the supreme court has utilized to help analyze statutes for
legislative consent to sue do not support CHT’s contention that section 31.11
waives immunity, nor does CHT even assert any such arguments.  Specifically, section
31.11 raises no ambiguity as to immunity from suit.[4] 
Chapters 41, 42, and 43 address administrative remedies for property-owner
contests to certain appraisal decisions of appraisal review boards, but nothing
in chapter 31 sets out a separate procedure—administrative or otherwise—by
which to address issues concerning collection matters, including the filing of
a petition in district court and the requirement that a governmental unit be
joined in that lawsuit.  See MHCB (USA) Leasing & Fin. Corp. v.
Galveston Cent. Appraisal Dist., 249 S.W.3d 68, 81–82 (Tex. App.—Houston [1st
Dist.] 2007, pet. denied) (explaining procedures of property-owner contests).  And
section 31.11 does not contain any objective limitation on a political
subdivision’s potential liability.  See Wichita Falls State Hosp., 106
S.W.3d at 697–98.

          CHT
argues that another intermediate appellate court has “determined this very
issue.”  See Cockerell v. Taylor Cnty., 814 S.W.2d 892, 894 (Tex. App.—Eastland
1991, writ denied).  We disagree.  The taxpayers in Cockerell sued
taxing units under section 31.11 to recover for an alleged overpayment of
taxes.  Id. at 893.  The taxing units filed a plea to the jurisdiction,
“alleging that judicial review of a denial of refund under Section 31.11 is
controlled by Tex. Tax Code Ann. § 42.01 et seq. . . . ;
that taxpayers have failed to follow these provisions; and, therefore, that
taxpayers cannot recover.”  Id.  The trial court dismissed the
taxpayers’ action “[b]ased upon this plea.”  Id.  The appellate court therefore
addressed whether the trial court had erred by dismissing the taxpayers’ action
on the ground that they erroneously failed to follow the provisions set out in
chapter 42.  Id. at 894.  Although the appellate court explained that
the purpose of section 31.11 differed from the purposes of chapter 42, it did
not consider—or even remotely approach the issue of—whether section 31.11 waived
governmental immunity.  Cockerell is, therefore, inapposite.

          Citing
no authority, CHT also argues that “[w]ithout the right to appeal to district
court the refusal of a taxing authority to return funds falling within the
purview of § 31.11 . . . , taxing authorities have no
enforceable obligation to return funds to taxpayers as contemplated by this
provision.”  But our task in this appeal is not specifically to consider
whether or not taxing authorities do or do not have an enforceable obligation under
section 31.11 to make a refund to taxpayers; instead, our task is to determine
whether section 31.11 waives governmental immunity from suit.  Nor does our
determination that immunity is preserved render section 31.11 meaningless; the
statute sets out in detail the procedures for obtaining a refund for overpaid or
erroneously paid taxes and, therefore, has a purpose absent a waiver of
immunity.  See generally Romo v. Cavender Toyota, Inc., 330 S.W.3d 648,
655–56 (Tex. App.—San Antonio 2010, no pet.) (reasoning that provisions of
transportation code not rendered meaningless if immunity not waived under
transportation code section 501.137).

          We
hold that tax code section 31.11 does not clearly and unambiguously express a
legislative intent to waive governmental immunity from suit.  Consequently, LISD
enjoys governmental immunity from CHT’s suit, which deprived the trial court of
subject-matter jurisdiction, and the trial court erred by denying LISD’s plea
to the jurisdiction and motion to dismiss.  We sustain LISD’s first issue. 
Having sustained LISD’s first issue, we need not address its second issue, in
which it argues that CHT failed to pursue the tax code’s exclusive remedies.  See
Tex. R. App. P. 47.1.

IV.  Conclusion

          Having
sustained LISD’s first issue, we reverse the trial court’s order denying LISD’s
plea to the jurisdiction and motion to dismiss and render judgment dismissing
CHT’s action against LISD for lack of subject-matter jurisdiction.  See
Tex. R. App. P. 43.2(c).

 

 

BILL MEIER
JUSTICE

 

PANEL: 
DAUPHINOT,
MEIER, and GABRIEL, JJ.

 

DELIVERED:  April 21, 2011









[1]The current version of
section 31.11(a) requires that the collector for the unit determine whether the
payment was erroneous or excessive and that the auditor for the unit agree with
the collector’s determination.  Tex. Tax Code Ann. § 33.11(a) (Vernon Supp.
2010).





[2]CHT also confirmed in its
brief that it “did not assert a request for relief outside that allowed by the
Texas Tax Code.”





[3]CHT points out that “tax
statutes are to be construed strictly against the taxing authority and
liberally in favor of the person sought to be held liable for the tax” and that
a curative or remedial statute, such as section 31.11, must be construed in
“the most comprehensive and liberal way possible.”  See Jackson Hotel Corp.
v. Wichita Cnty. Appraisal Dist., 980 S.W.2d 879, 882 (Tex. App.—Fort Worth
1998, no writ); Jim Sowell Constr. Co., Inc. v. Dallas Cent. Appraisal Dist.,
900 S.W.2d 82, 84–85 (Tex. App.—Dallas 1995, writ denied).  To the extent that
these standards do not conflict with the standards articulated above regarding
governmental immunity and its waiver, they do not alter our ultimate
conclusion.





[4]Section 31.11 does not
even seem to contemplate a governmental entity’s involvement in litigation, but
even if it did, such language does not “clearly and unambiguously waive” the
entity’s immunity from suit.  See Kirby Lake Dev., Ltd. v. Clear Lake
City Water Auth., 320 S.W.3d 829, 837 (Tex. 2010).