**Elva ZUNIGA, Appellant,**

v.

**Antonio SALAZAR, Appellee.**

**No. 13–00–507–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 2, 2001.

---

Lydia Casso Tummel, Harold Kenneth Tummel, David J. Lumber, McAllen, for appellant.

John B. Skaggs, McAllen, Michele N. Gonzales, Edinburg, for appellee.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

## OPINION

VALDEZ, Chief Justice.

Appellant, Elva Zuniga, appeals from the trial court's granting of a summary judgment that she take nothing in her suit for damages against Antonio Salazar, appellee. We reverse the trial court's judgment.

The record reflects that Zuniga entered into an oral agreement to lease an apartment from Salazar. Several months later, on June 8, 1998, a fire broke out in Zuniga's apartment unit, and as a result, Zuniga suffered burns and personal injuries. Zuniga brought suit against Salazar, alleging that Salazar was negligent in failing to comply with Chapter 92 of the Texas Property Code which requires the installation and maintenance of smoke detectors in leased residences. Zuniga further alleged that such negligence proximately caused her injuries. Salazar answered and subsequently moved for summary judgment, on both no-evidence grounds and traditional grounds. Zuniga responded to the summary judgment motion, and amended her petition in an attempt to avoid summary judgment. The trial court granted Salazar's Motion for Summary Judgment and ordered that Zuniga take nothing. This appeal ensues.

In one issue, Zuniga argues that the trial court erred in granting summary judgment in favor of Salazar.

■■■ In a traditional summary judgment proceeding, the appellate standard of review is whether the successful movant at the trial level carried the burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). To succeed on a summary judgment, a defendant must disprove as a matter of law one or more elements essential to the plaintiff's claims. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991). Alternatively, a defendant is entitled to summary judgment based on an affirmative defense if he or she proves conclusively all of the elements of the affirmative defense as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). If a summary judgment order specifies the grounds on which the trial court based the summary judgment, we limit our review to those grounds. *Delaney v. University of Houston*, 835 S.W.2d 56, 58 (Tex.1992); *Peña v. State Farm Lloyds*, 980 S.W.2d 949, 953 (Tex. App.-Corpus Christi 1998, no pet.). Although Salazar moved for summary judgment on three separate grounds, the trial court granted summary judgment expressly on the grounds that Salazar had established each element of the affirmative defense set forth in section 92.261 of the Texas Property Code. Accordingly, we need only review the ground on which the trial based the summary judgment. *Peña*, 980 S.W.2d at 953.

Salazar states in his affidavit attached to his motion for summary judgment that at the time of the fire, on June 8, 1998, Zuniga had not paid rent for the months of May and June. Salazar argues that section 92.261 of the Texas Property Code provides him with an applicable defense in this case, due to Zuniga's non-payment of rent. This section of the Property Code reads:

§ 92.261.   Landlord's Defenses

The landlord has a defense to liability under Section 92.259 if:

(1) on the date the tenant gives the notice required by Section 92.259 the tenant has not paid all rent due from the tenant; or

(2) on the date the tenant terminates the lease or files suit the tenant has not fully paid costs requested by the landlord and authorized by Section 92.258.

TEX. PROP. CODE ANN. § 92.261 (Vernon 1995).

Zuniga responds by arguing that prior to 1995, the Property Code required that a landlord install a smoke detector only after receiving a request to do so from the

tenant. However, the 1995 amendments to the Property Code modified a landlord's liability, by requiring him to provide a smoke detector at the inception of the lease, without the necessity of providing notice. TEX. PROP. CODE ANN. § 92.259(a) (Vernon Supp.2001). Section 92.259(a) of the Property Code now reads:

§ 92.259. Landlord's Failure to Install, Inspect, or Repair

(a) A landlord is liable according to this subchapter if:

(1) the landlord did not install a smoke detector at the time of initial occupancy by the tenant as required by this subchapter or a municipal ordinance permitted by this subchapter; or

(2) the landlord does not install, inspect, or repair the smoke detector on or before the seventh day after the date the tenant gives the landlord written notice that the tenant may exercise his remedies under this subchapter if the landlord does·not comply with the request within seven days.

TEX. PROP. CODE ANN. § 92.259(a) (Vernon Supp.2001). While the legislature amended section 92.259 in 1995, we note that there was no change to the defense set forth in section 92.261.

■ Zuniga alleges that Salazar failed to install a smoke detector at the inception of the lease, and therefore, the defense set forth in section 92.261 is inapplicable to this case, because, she argues, said defense only applies to situations where notice is given to a landlord pursuant to section 92.259. With the 1995 amendment, a landlord is required to install a smoke detector at the tenant's initial occupancy of a residence, and there is no requirement that a tenant first give notice to the landlord to require the initial installation of a smoke detector. This amendment to the Proper-

ty Code has not been interpreted by the courts, therefore, we must interpret the relationship between these two sections.

■ Our essential task in interpreting any statute is to carry out the legislature's intent. *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 280 (Tex.1994). In doing so, we look first to the statute's language. *Smith v. Clary Corp.*, 917 S.W.2d 796, 799 (Tex.1996).

■ We agree with Zuniga's reading of the 1995 amendment to section 92.259, as it does appear that the legislature intended to require landlords to install a smoke detector in every residential rental unit at the inception of the lease, without the necessity of a request by the tenant. Section 92.259 does not contain an express requirement that the tenant request the installation of the smoke detector at the tenant's initial occupancy, and we decline to interpret this section so as to impose such a requirement. We hold, therefore, that the defense set forth in section 92.261 may only be raised by a landlord in a situation where the tenant makes a request that the landlord install, inspect, or repair a smoke detector in accordance with section 92.259(a)(2). We further hold that the defense set forth in section 92.261 is not applicable to situations where the landlord fails to install a smoke detector at the time of the tenant's initial occupancy.

Zuniga's second amended petition seeks recovery under the theory that the rental unit was without a smoke detector at the time of her initial occupancy. Accordingly, the defense set forth in section 92.261 of the property code may not be used by Salazar to avoid liability in the present case, and therefore, the trial court erred in granting the motion for summary judgment on the grounds expressly stated in its order. Issue number one is sustained.

The judgment of the trial court is RE-VERSED and REMANDED.