**AMERICAN HOUSING FOUNDATION and Sea Greens Partnership, Ltd., Appellants,**

v.

**CALHOUN COUNTY APPRAISAL DISTRICT, Appellee.**

No. 13–05–00496–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

July 27, 2006.

Andrew Little, Christopher Jensen, John Ben Blanchard, Sprouse, Shrader and Smith, for appellants.

Kirk Swinney, McCreary, Veselka, Bragg & Allen, Austin, for appellee.

Before Justices HINOJOSA, RODRIGUEZ, and GARZA.

**OPINION**

Opinion by Justice HINOJOSA.

Appellants, American Housing Foundation ("American Housing") and Sea Greens Partnership, Ltd. ("Sea Greens") appeal the rejection of their application for a property tax exemption by appellee, Calhoun County Appraisal District ("Appraisal District"). We affirm.

A. BACKGROUND

Sea Greens is a Texas limited partnership and the legal title holder of the Sea Greens Apartments, a complex built in 1996 in Port Lavaca, Calhoun County, Texas. Sea Greens' general partner, Sea Greens Housing Cooperative, is wholly owned and controlled by American Hous-

ing. Sea Greens' limited partner is Chevron, U.S.A., Ltd.

In 2003, Sea Greens submitted an "Application for Community Housing Development Organization Improving Property for Low–Income and Moderate–Income Housing Property Tax Exemption" under section 11.182 of the Texas Tax Code. The Appraisal District denied the application, and the Calhoun County Appraisal Review Board affirmed the Appraisal District's decision. Appellants appealed the decision to the 135th District Court of Calhoun County.

In the district court, all parties filed motions for summary judgment. American Housing and Sea Greens moved for partial summary judgment on two elements of their claim of entitlement to the exemption. The Appraisal District moved for summary judgment on both traditional and no evidence grounds. Without stating its reasons, the trial court granted the Appraisal District's motion for summary judgment and denied appellants' motion. This appeal ensued.

American Housing and Sea Greens raise the following five issues on appeal: (1) whether section 11.182(e) allows a limited partnership to claim a property tax exemption under section 11.182; (2) whether section 11.182 applies to housing projects constructed both before and after December 31, 2001; (3) if section 11.182 is interpreted to allow the exemption, whether it is unconstitutional as applied here; (4) whether American Housing is indeed a proper party to this suit; and (5) whether the trial court erred in failing to grant American Housing's motion for summary judgment.

### B. STANDARD OF REVIEW

We review a trial court's decision to grant or deny motions for summary judgment de novo. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994). The standards of review for summary judgments are well settled. In a traditional motion for summary judgment, the movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985); *ABB Kraftwerke v. Brownsville Barge & Crane, Inc.,* 115 S.W.3d 287, 290 (Tex.App.-Corpus Christi 2003, pet. denied); *see* TEX.R. CIV. P. 166a(c). A no-evidence summary judgment is proper if the non-movant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch v. Chapman,* 118 S.W.3d 742, 750 (Tex.2003); *Wal–Mart Stores, Inc. v. Rodriguez,* 92 S.W.3d 502, 506 (Tex.2002); *see* TEX. R CIV. P. 166a(i).

### C. ANALYSIS

The parties agree that the disposition of this case depends upon the interpretation of section 11.182 of the Texas Tax Code. TEX. TAX.CODE. ANN. § 11.182(b) (Vernon Supp.2005). Under section 11.182, organizations that meet specified requirements may be entitled to an exemption from taxation of improved or unimproved real property they own. *See id.* Subsection (e) of section 11.182, adopted in 2001, provides, in relevant part, as follows:

In addition to meeting the applicable requirements of Subsections (b) and (c), to receive an exemption under Subsection (b) *for improved real property that includes a housing project constructed after December 31, 2001,* and financed with qualified 501(c)(3) bonds issued under Section 145 of the Internal Revenue Code of 1986, tax-exempt private activity bonds subject to volume cap, or low-income housing tax credits, the organization must:

(1) control 100 percent of the interest in the general partner if the project is owned by a limited partnership.

Act of June 15, 2001, 77th Leg., R.S., ch. 1191, § 1, sec. 11.182, 2001 Tex. Sess. Law Serv. 2550, 2551 (current version at TEX. TAX CODE ANN. § 11.182(e) (Vernon Supp. 2005)) (emphasis added)..

■ In their second issue, appellants assert that section 11.182(e) applies to housing projects constructed both before and after December 31, 2001. We conclude, however, that the Legislature intended section 11.182(e) to apply only to housing projects constructed after December 31, 2001. *See Am. Hous. Found. v. Brazos County Appraisal Dist.*, 166 S.W.3d 885, 889 (Tex.App.-Waco 2005, pet. denied).

Matters of statutory construction are legal issues we review de novo. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25–26 (Tex.2003); *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex.2000); *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989). Our primary objective in construing a statute is to determine and give effect to the Legislature's intent. *City of San Antonio*, 111 S.W.3d at 25; *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002). We determine legislative intent from the entire act and not just its isolated portions. *Gonzalez*, 82 S.W.3d at 327 (citing *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex.1998)). Thus, we "read the statute as a whole and interpret it to give effect to every part." *Id.*; *City of San Antonio*, 111 S.W.3d at 25. "It is an elementary rule of construction that, when possible to do so, effect must be given to every sentence, clause, and word of a statute so that no part thereof be rendered superfluous or inoperative." *Spence v. Fenchler*, 107 Tex. 443, 180 S.W. 597, 601 (1915); *see Jessen Assoc., Inc. v. Bullock*, 531 S.W.2d 593, 600 (Tex.1975)

("It is generally presumed that every word in a statute is used for a purpose.").

Appellants' primary argument in support of their urged interpretation is based on the definition of the term "includes" found in the Texas Code Construction Act: "'Includes' and 'including' are terms of enlargement and not of limitation or exclusive enumeration, and use of the terms does not create a presumption that components not expressed are excluded." TEX. GOV'T CODE ANN. § 311.005 (Vernon 1998). Appellants assert that the term "includes," therefore, must be interpreted expansively and the only way to do so is to interpret subsection (e) to apply to housing projects constructed both before and after December 31, 2001. We disagree.

First, while the definitions included in the Code Construction Act provide important guidance to achieve uniform statutory interpretation, we note that they are applicable "unless the statute or context in which the word or phrase is used requires a different definition." *Id.* Thus, the application of such definitions is not mandatory in all cases.

Next, we do not see appellants' urged interpretation as the only way to read the term "includes" expansively within the context of the statute. Appellants assert that the only category or class which "includes" could modify is that of housing projects. However, upon looking at the remainder of the statute and subsection (e), we conclude that the term "includes" expansively refers to types of improvements on an improved property, not the more limited category of housing projects alone. This interpretation (1) gives meaning to the legislature's inclusion of the specification "after December 31, 2001" and (2) reads "includes" expansively, as guided by the Code Construction Act. In addition, this interpretation actually construes subsection (e) more expansively

than appellants' urged interpretation, which could be understood to mean that in order for an improved real property to be eligible, a housing project must be located on the property.

Further, appellants' urged interpretation would render the phrase "constructed after December 31, 2001" meaningless and reduce it to mere surplusage. *See Spence*, 180 S.W. at 601; *Jessen Assoc., Inc.*, 531 S.W.2d at 600. Had the legislature intended subsection (e) to apply to all housing projects constructed at any time, there would have been no need to include the phrase "constructed after December 31, 2001." We reject appellants' argument that the phrase was necessary to indicate the inclusion of not only housing projects already in existence at the time of enactment, but those prospectively constructed. Statutes are presumed to be prospective in their operation unless expressly made retrospective. *See* TEX. GOV'T CODE ANN. § 311.022 (Vernon 1998). Appellants provide no authority in support of their claim that without an express statement, the statute would apply only to buildings in existence at the time of the enactment of the legislation.

Moreover, an interpretation of the statute that makes the phrase "constructed *after* December 31, 2001" (emphasis added) mean constructed *before or after* December 31, 2001, is grossly contrary to the ordinary meaning of the word "after." *See* MERRIAM WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2004) (defining "after" as "following in time or place" or "subsequent to in time or order"); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage.").

Finally, this construction complies with the general rule that statutes exempting property from taxation should be strictly construed in favor of taxation. *See*

*North Alamo Water Supply Corp. v. Willacy County Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex.1991).

We hold that section 11.182(e) of the Texas Tax Code applies only to housing projects constructed after December 31, 2001. Because the Sea Greens Apartments were constructed before December 31, 2001, section 11.182(e) is inapplicable in this case and the property at issue does not qualify for a property tax exemption under the terms of the statute. Therefore, the trial court did not err in granting the Appraisal District's motion for summary judgment and in denying appellants' motion for partial summary judgment.

Appellants' second issue is overruled. Because this issue is dispositive, it is not necessary to address appellants' remaining issues. *See* TEX.R.APP. P. 47.1.

The trial court's summary judgment is affirmed.