

NUMBER 13-10-00563-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

AMPARO PENA CORTINA, ET AL.,                      Appellants,

v.

P. I. CORPORATION AND WINDWARD
OIL AND GAS CORPORATION,                     Appellees.

On appeal from the 28th District Court
of Nueces County, Texas.

# OPINION

Before Justices Rodriguez, Vela, and Perkes
Opinion by Justice Vela

Appellants, Amparo Pena Cortina and numerous descendants of Carmen Balli and Delfina Solis Balli ("the Cortinas"), filed suit against appellees, C. Jones Perry, as executor of the Estate of Gilbert Kerlin,[1] P. I. Corporation, and Windward Oil & Gas Corporation ("Windward"), claiming to own an undivided 2.083% interest in Padre Island. Windward filed both no-evidence and traditional motions for summary judgment. The trial court's judgment granted both. On appeal, the Cortinas argue that the trial court erred in granting Windward's motion for summary judgment on grounds that there was evidence that a tutor deed, signed on behalf of Delfina, who was then a minor, was void, that fraud was committed by Gilbert Kerlin, the predecessor in interest to the property at issue, and there is a fact issue with respect to who are the true owners of the land. We affirm.

## I. BACKGROUND

The Cortinas claim a right to a portion of Padre Island as descendants of Delfina Solis Balli and Carmen Balli Solis, Delfina's mother and guardian. It is undisputed that record title passed from Delfina Balli in 1846 when four deeds were recorded by Nicolas Grisante in the Nueces County deed records in 1847. Delfina's interest in Padre Island was conveyed to Grisante through a tutor's (guardian's) deed, signed by her mother, dated October 28, 1846. The Cortinas' claim is that the tutor's deed is void because the "court in Mexico had no authority to convey land in the State of Texas on October 27, 1846." In fact, all of the Cortinas' claims hinge upon establishing that the 1846 guardian's deed was void. They do not contest the truth of the recitations in the deed.

---

[1] The special appearance filed on behalf of the Estate was granted and it was dismissed from the lawsuit.

2

Rather, they urge that the sale should be disregarded as void because after Texas declared its independence from Mexico, courts in Mexico had no jurisdiction over Texas lands.

Windward moved for summary judgment on grounds that (1) the Cortinas can produce no evidence that they have superior title to the property in question; (2) laches and estoppel applied; (3) as a matter of law, Mexican courts had jurisdiction to appoint a guardian and authorize the sale of Delfina Solis Balli's property on Padre Island; (4) the claims are barred by res judicata and collateral estoppel; and (5) title has been established through adverse possession. The trial court granted the motion for summary judgment.

## II. STANDARD OF REVIEW

Whether the motion for summary judgment was brought pursuant to no-evidence or traditional grounds determines our standard of review. *See* TEX. R. CIV. P. 166a(c), (i); *see also Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 771 (Tex. App.—Corpus Christi 2003, no pet.). A no-evidence summary judgment equates to a pre-trial directed verdict. *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 581–82 (Tex. 2006); *Ortega*, 97 S.W.3d at 772. We review the evidence presented with the motion and the response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to a party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks Inc.*, 206 S.W.3d at 582.

We utilize a de novo standard in reviewing the trial court's granting of a traditional motion for summary judgment. *See Provident Life & Acc. Ins. Co. v. Knott*,

128 S.W.3d 211, 215 (Tex. 2003); *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.—Corpus Christi 2003, no pet.). We must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). In a traditional summary judgment, the movant bears the burden of proof, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Sw. Elec. Power Co.*, 73 S.W.3d at 215. We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve doubts in the non-movant's favor. *See Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005).

We affirm a traditional summary judgment only if the record establishes that the movant has negated at least one essential element of the plaintiff's causes of action or has conclusively proved its defense as a matter of law. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *see Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997); *Clear Creek Basin Auth.*, 589 S.W.2d at 678. When reasonable people could not differ as to the conclusion to be drawn from the evidence, the matter is conclusively established. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). Once the movant has produced sufficient evidence to establish its right to summary judgment, the burden to produce competent, controverting evidence raising a fact issue shifts to the non-movant. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *see Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.

4

1995).  When the trial court's judgment does not specify which of several proposed grounds was dispositive, we affirm on any ground offered that has merit and was preserved for review.  *See Joe v. Two Thirty Nine J.V.,* 145 S.W.3d 150, 157 (Tex. 2004).

### III.  ANALYSIS

By the Cortinas' first issue, they argue that the trial court erred in granting the summary judgment motion because the Mexican courts had no authority to approve a tutor's deed, signed on October 28, 1846.  In other words, they urge that Windward has no title because the Mexican courts had no jurisdiction to appoint a guardian and authorize the sale of Delfina Solis Balli's property on Padre Island.  It is undisputed that Carmen Balli Solis, by a Mexican judicial decree, deeded her daughter's property to Nicholas Grisante in 1846.  Windward first urges that the State of Texas was required to recognize Grisante's ownership under the terms of the 1848 Treaty of Guadalupe Hidalgo.  Article VIII of the treaty provided:

> In the said territories, property of every kind, now belonging to Mexicans not established there, shall be inviolably respected.  The present owners, the heirs of these, and all Mexicans who may hereafter acquire said property by contract, shall enjoy with respect to it guarantees equally ample as if the same belonged to citizens of the United States.

In *State v. Balli*, the court acknowledged that Grisante had appeared before the Bourland and Miller Commission to have his title to Padre Island confirmed by the State of Texas. 190 S.W.2d 71, 89 (Tex. 1944).  The Bourland and Miller Commission was formed to give effect to the 1848 Treaty of Guadalupe Hidalgo and recognize the title of Mexican citizens in a disputed boundary area between Texas and Mexico.  *Balli*, 190 S.W.2d at

5

86.

The Cortinas cite *Kenedy Pasture Company v. State* as authority for its position that the Mexican courts had no authority over the land in 1846, thus the deed was void. 231 S.W. 683 (Tex. 1921). The issue in *Kenedy Pasture,* however, was whether the governor of Tamaulipas had authority to issue a land grant on April 12, 1848, and whether the grant on that date was valid and protected by the Treaty of Guadalupe Hidalgo. *Id.* at 689. The Treaty recognized the Rio Grande River as the boundary between Texas and Mexico. *Id.* at 690. In other words, that case dealt with whether the Mexican state could legally grant land in Texas after 1848. *Kenedy Pasture* is inapposite, because the issue here is whether a sale of land, located in Texas, between individual Mexican citizens, sanctioned by a Mexican court, prior to the Treaty of Guadalupe Hidalgo, should be given validity. Here, there was no land being granted by the Mexican government.

The Cortinas also cite *Wortham v. Walker* for the proposition that a de facto government cannot be the source of a title. 128 S.W.2d 1138 (Tex. 1939). In *Wortham*, the relator sought a mandamus to require the Commissioner of the General Land Office to classify, appraise, and value certain area as dry grazing lands. *Id.* at 1139. While we agree that the proposition of law the Cortinas state is mentioned in the *Wortham* opinion, we do not believe it is dispositive of the issue in this case, which involves a Mexican court allowing for the transfer of property rights between individual Mexican citizens.

Likewise, *Slaughter v. Qualls*, cited by the Cortinas, has no application here. *See* 162 S.W.2d 671 (Tex. 1942). *Slaughter* was a trespass to try title case brought by a vendee of land against the holder of a purchase money note who attempted to foreclose a

deed of trust lien given to secure the note.  *Id.* at 673.  The supreme court, in that case, opined that because the conditions and limitations on the trustee's power to convey the land were never fulfilled, the trustee's power never came into being, thus the foreclosure sale and trustee's deed were void.  *Id.* at 675.  It did not involve the issue of the validity of a foreign deed and we see no applicability to this case.

We note that the Mexican court, in this case, did not exercise jurisdiction over the land.  Rather, it exercised jurisdiction over the individuals, Mexican citizens, who came before it.  The court was approving a private sale of land situated in Texas.  In *McElreath v. McElreath,* the court stated that when jurisdiction of the persons is present:

> No one disputes the jurisdiction and authority of the Oklahoma court to decree that A convey to B certain Texas lands, nor the further proposition that such deed, when executed in accordance with the Texas laws relating to conveyancing, operated to legally convey lands in Texas.

345 S.W.2d 722, 727 (Tex. 1961).  Issues of title to land in Texas may be adjudicated by courts of another state when that court has personal jurisdiction over the parties.  *Hall v. Jones*, 54 S.W.2d 836, 836 (Tex. Civ. App.—San Antonio 1932, no writ).  Here, there is a 160 year long title history and multiple judgments have adjudicated title to land on Padre Island.  *See, e.g., Kerlin v. Sauceda*, 263 S.W.3d 920 (Tex. 2008) (per curiam); *State v. Balli*, 173 S.W.2d 522 (Tex. Civ. App.—San Antonio 1943), *aff'd*, 190 S.W.2d 71 (Tex. 1944).  Texas courts apply a presumption in favor of ancient judgments, particularly those involving land titles.  *King Ranch v. Chapman,* 118 S.W.3d 742, 755 (Tex. 2003).  The Mexican court had jurisdiction over the parties to sell the land.  The trial court did not err in granting summary judgment that the 1846 guardian's deed was a valid conveyance.

7

Regardless, the trial court would have been justified in granting summary judgment on limitations. Windward's motion for summary judgment urged that it acquired the land by limitations by holding deeds from persons in privity which go back over 100 years. In order to obtain title by adverse possession, a party must prove that the acts of the one in possession of the land are such as would reasonably apprise people in the community of the true owner of the land that the possessor is claiming the right to appropriate the land to his own use. *McDow v. Rabb,* 56 Tex. 154, 160 (1882). In suits to recover land, limitations periods run from four to twenty-five years. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 16.003, 16.004, 16.025–.029 and 16.003 (West 2002). For instance, section 16.028 of the civil practice and remedies code provides that:

> (a) A person, regardless of whether the person is or has been under a legal disability, may not maintain an action for the recovery of real property held for 25 years before the commencement of the action in peaceable and adverse possession by another who holds the property in good faith and under a deed or other instrument purporting to convey the property that is recorded in the deed records of the county where any part of the real property is located.
>
> (b) Adverse possession of any part of the real property held under a recorded deed or other recorded instrument that purports to convey the property extends to and includes all of the property described in the instrument, even though the instrument is void on its face or in fact.
>
> (c) A person who holds real property and claims title under this section has a good and marketable title to the property regardless of a disability arising at any time in the adverse claimant or a person claiming under the adverse claimant.

Tex. Civ. Prac. & Rem. Code §16.028.

The Cortinas complain that the sale in 1846 was void. Here, the land was held under a recorded deed that purports to sell the property in question. Thus, even if the

8

instrument was "void on its face or in fact," the claims are time barred. *See Id.*

The Cortinas also argue the applicability of the discovery rule. A cause of action accrues when a wrongful act causes some legal injury, even if the injury is not discovered until later and even if not all resulting damage has occurred. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). The date of accrual is a question of law. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). Examples of doctrines that may defer or toll the running of the statute of limitations include the discovery rule, fraudulent concealment, and equitable estoppel. The discovery rule is a very limited exception which defers the accrual of a cause of action until the injury was or could have reasonably been discovered. *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 929 (Tex. 2011). It applies only when "the alleged wrongful act and resulting injury are inherently undiscoverable at the time they occurred but may be objectively verified." *S.V.*, 933 S.W.2d at 6. An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence*. Id.* at 7.

In this case, the record reflects that the land, in question, has been the subject of both a publicly recorded deed and multiple judgments. We hold that the discovery rule does not apply here. Summary judgment would also have been proper on this ground. We overrule the Cortinas' first, third, and fifth issues. In light of our ruling on these issues, we need not address issues two and four as they are not dispositive.

## IV. CONCLUSION

Having determined that the trial court properly granted summary judgment, we affirm the judgment of the trial court.


ROSE VELA
Justice

Delivered and filed the
4th day of October, 2012.

10