

# NUMBER 13-15-00137-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

EMORY POWITZKY JR.,                                                    **Appellant,**

**v.**

TILSON CUSTOM HOMES, A/K/A
TILSON HOME CORPORATION,                                              **Appellee.**

---

### On appeal from the 267th District Court
### of Victoria County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant Emory Powitzky Jr. appeals from a summary judgment rendered by the

267th District Court in Victoria County in favor of appellee Tilson Custom Homes, a/k/a

Tilson Home Corporation (Tilson).   We affirm.

# I.    BACKGROUND

Powitzky and his late wife met with a Tilson representative in December of 1982 to discuss purchasing a custom home through Tilson.   The Powitzkys entered into a contract with Tilson whereby Tilson agreed to build a home to the specifications provided in the blueprints selected by the Powitzkys.   Those specifications required a reinforced concrete foundation with a thickness of approximately three and one-half inches.   Tilson completed construction on the Powitzkys' home in August of 1983, and the Powitzkys moved in shortly thereafter.

Thirty years later, in 2013, Powitzky decided to remodel his home.   Powitzky tore out his existing carpet as part of the remodeling project.   Upon removal of the original carpet, Powitzky noticed that the concrete foundation was "crumbling" and "cracked," and he claimed to be able to see soil under it.   Upon measuring the thickness of the slab in the areas where soil was exposed, Powitzky discovered that the concrete slab was approximately one and one-half inches thick.

Powitzky filed suit against Tilson for the alleged construction defect, and Tilson filed an answer asserting that the ten-year statute of repose barred Powitzky's claims. Tilson then filed a traditional motion for summary judgment asserting that the ten-year statute of repose barred Powitzky's claims.[1]   In response, Powitzky alleged that his claims qualified for the statutory exception to the statute of repose because he claimed that Tilson engaged in wilful misconduct or fraudulent concealment in building his home. Powitzky filed his affidavit and an affidavit by Rolando Romo, a local contractor, as

---

[1] Tilson also filed a no-evidence motion for summary judgment.   However, even if Powitzky produced some evidence of each element of his cause of action, Tilson's traditional motion for summary judgment on the application of the statute of repose is dispositive of this appeal.   See TEX. R. APP. P. 47.1.

evidence in support of his claim.   Tilson objected to the affidavits on the ground that they were conclusory, not based on personal knowledge, and constituted mere "conjecture." The trial court granted Tilson's motion for summary judgment without specifying the basis for its ruling.   This appeal followed.

## II.    STANDARD OF REVIEW

We review a trial court's decision to grant or deny motions for summary judgment de novo.   *Am. Housing Found. v. Calhoun County App. Dist.,* 198 S.W.3d 816, 817 (Tex. App.—Corpus Christi 2006, pet. denied) (citing *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994)).   We recognize that the standards of review for summary judgments are well settled.   *Id.*   In a traditional motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law.   *See Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997); *Am. Housing Found.,* 198 S.W.3d at 817; *see also* TEX. R. CIV. P. 166a(c).   Alternatively, a defendant is entitled to summary judgment based on an affirmative defense if it conclusively establishes all of the elements of the affirmative defense as a matter of law.   *Zuniga v. Salazar,* 69 S.W.3d 586, 588 (Tex. App.—Corpus Christi 2001, no pet.).   "When a trial court's judgment does not specify which of several proposed grounds was dispositive, we affirm on any ground offered that has merit and was preserved for review."   *Cortina v. P.I. Corp.,* 385 S.W.3d 613, 616 (Tex. App.—Corpus Christi 2012, no pet.)

## III.    GRANT OF SUMMARY JUDGMENT ON THE STATUTE OF REPOSE

We construe Powitzky's first, second, third, fourth, and sixth issues to contend that the trial court erred when it granted summary judgment in favor of Tilson because

3

Powitzky raised genuine issues of material fact. Specifically, Powitzky asserts that he produced more than a scintilla of evidence to establish an exception to the statute of repose pursuant to section 16.009(e)(3) of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.009(e)(3) (West, Westlaw through 2015 R.S.). We disagree.

### A.     Applicable Law

The Texas Legislature adopted a statute of repose to apply in the construction context. *See id.* § 16.009. It requires a plaintiff to file suit "against a person who constructs or repairs an improvement to real property not later than 10 years after the substantial completion of the improvement in an action arising out of a . . . deficiency in the construction or repair of the improvement." *Id.* § 16.009(a). The purpose of the statute of repose is to eliminate "unlimited time liability" against contractors. *Cf. Galbraith Eng'g Consultants, Inc. v. Pochucha,* 290 S.W.3d 863, 868 (Tex. 2009) (discussing the statute of repose applicable to engineers pursuant to section 16.008 of the civil practice and remedies code). Statutes of repose create a substantive right to be free from liability after a legislatively determined period. *Id.* (citing *Trinity River Auth. v. URS Consultants, Inc.,* 889 S.W.2d 259, 261 (Tex. 1994)). A statute of repose thus represents the Legislature's considered judgment as to the inadequacy of the traditional statutes of limitations for some types of claims. *Id.*

Once a defendant establishes that the statute of repose applies, as in this case, the plaintiff has the burden to prove the existence of a fact question on one of the exceptions under section 16.009(e) to defeat summary judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.009(e)(3); *see also Preston Oaks Crossing Condo. Ass'n v.*

4

*Preston Oaks Crossing Joint Venture*, No. 05-96-00631-CV, 1998 WL 102973, at *5 (Tex. App.—Dallas Mar. 11, 1998, no pet.) (mem. op.) (discussing the non-movant's burden of proof when asserting an exception to the statute of repose as a defense to summary judgment). Section 16.009(e)(3) provides an exception to the statute of repose when the plaintiff can establish that the defendant's actions were "based on wilful misconduct or fraudulent concealment in connection with the performance of the construction or repair." TEX. CIV. PRAC. & REM. CODE ANN. § 16.009(e)(3); *Ryland Grp., Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex. 1996). Both fraudulent concealment and wilful misconduct require a showing of actual knowledge. *See Ryland,* 924 S.W.2d at 122. A plaintiff alleging fraudulent concealment as a defense to the statute of repose must show that the defendant had actual knowledge of the facts he is alleged to have concealed; one cannot fraudulently conceal facts of which he has no knowledge. *Baskin v. Mortgage & Trust, Inc.*, 837 S.W.2d 743, 746 (Tex. App.—Houston [14th Dist.] 1992, writ denied). In addition, the plaintiff must show that the defendant had a "fixed purpose" to conceal the wrong. *Id.*

## B. Discussion

Tilson conclusively established that Powitzky's damages occurred outside the statute's ten-year limitation period, and Powitzky does not dispute that the statute of repose applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.009. Consequently, Tilson met its summary judgment burden to prove, as a matter of law, that section 16.009 applies because Powitzky did not file suit within the ten-year statutory period. *See Ryland*, 924 S.W.2d at 121. The question is whether Powitzky, in turn, presented enough proof to raise a fact issue on his exceptions to the statute of repose—fraudulent concealment and

5

wilful misconduct—to defeat Tilson's right to summary judgment. *See id.*; *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex. 1984).

Powitzky attached the affidavit of Romo as evidence of Tilson's fraudulent concealment and wilful misconduct. "The relevant standard for an expert's affidavit opposing a motion for summary judgment is whether it presents some probative evidence of the facts at issue." *Ryland,* 924 S.W.2d at 122 (citing *Trapnell v. John Hogan Interests, Inc.,* 809 S.W.2d 606, 611 (Tex. App.—Corpus Christi 1991, writ denied)). Conclusory affidavits are not enough to raise fact issues. *Id.* They are neither credible, nor susceptible to being readily controverted. *See id.*; TEX. R. CIV. P. 166a(c). Rule 166a(f) requires that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." TEX. R. CIV. P. 166a(f); *Ryland,* 924 S.W.2d at 122.

We assume without deciding that Romo's affidavit was proper summary judgment evidence filed in support of Powitzky's response to Tilson's motions for summary judgment. However, even considering both Romo's and Powitzky's affidavits, we cannot determine that Powitzky put forth more than a scintilla of evidence that Tilson had "actual knowledge" of the alleged concrete deficiency—a requirement for establishing both fraudulent concealment and wilful misconduct. *See Ryland,* 924 S.W.2d at 122.

Powitzky testified in his affidavit that he did not see the foundation poured. In fact, neither Powitzky nor Romo can testify based on personal knowledge that Tilson, as opposed to a concrete contractor, poured the foundation. At best, Powitzky testified that the Tilson foreman represented to him that the foundation had been poured in accordance

6

with their agreement. Romo testified in his affidavit that "it appeared to [him] that the concrete contractor who had done this slab foundation had originally put in dirt that was too high; he then put plastic on top of the dirt, and then put rebar on top of the plastic, but when he poured the concrete, it did not set up around the rebar, and was not thick enough to meet the specifications." Romo then stated the procedure the contractor should have used when pouring the foundation, and noted that failure to follow that procedure was "something the contractor [or] job foreman knew or *should have known.*" (Emphasis added.) Romo further stated that:

> *If* [Tilson] knew that the plans called for three and one half inch slab, and [Tilson] knew that the slab as poured was not that thick, then in my opinion that was a willful act on [Tilson's] part to not comply with the plans. In my opinion, *if* [Tilson] knew that the slab did not comply with the plans, and [Tilson] did not insure that it was made to comply or tell anyone that it did not comply, then that was a fraudulent concealment of those facts and a willful intentional cover up of those facts.

(Emphasis added.) At best, Romo provides that "if" Tilson knew, "then" there was wilful misconduct or fraudulent concealment. Romo's statement that Tilson "knew or should have known" of the defective slab is not enough to raise a fact question on whether Tilson had actual knowledge of the alleged deficiency because it does not support one possibility more than another. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) ("[W]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence.").

Because Tilson conclusively established that Powitzky's claims arose outside of the ten-year statute of repose and because Powitzky did not produce more than a scintilla of evidence that Tilson had actual knowledge of the defect in support of the fraudulent

concealment and/or wilful misconduct exceptions to the statute of repose, we agree with Tilson that the trial court did not err when it granted Tilson's traditional motion for summary judgment on Powitzky's claims. *See Ryland,* 924 S.W.2d at 121–22. We overrule Powitzky's first, second, third, fourth, and sixth issues.

## IV.  SUBSTANCE OF TRIAL COURT'S ORDER

By his fifth issue, Powitzky contends that the trial court erred when it did not state the basis of its ruling in granting Tilson's motion for summary judgment. Powitzky further asserts that if the trial court determined that the affidavits he attached as evidentiary support to his response were objectionable, that the trial court erred when it did not notify him of the defect and provide an opportunity for cure. Tilson responds by asserting that neither the applicable rules of procedure nor case law require the trial court to perform the actions requested by Powitzky. We agree with Tilson.

Powitzky argues that the requirements applicable to an order granting a new trial should be extended to orders granting summary judgment. *See generally In re Toyota Motor Sales U.S.A., Inc.* 407 S.W.3d 746, 757–58 (Tex. 2013) (requiring trial courts to specify the basis of their ruling when granting a motion for new trial). However, trial courts are not required to provide the basis of their ruling when granting or denying a motion for summary judgment. *See Joe v. Two Thirty Nine J.V.,* 145 S.W.3d 150, 157 (Tex. 2004); *Cortina,* 385 S.W.3d at 616. We are unable to overturn the controlling precedent set by the Texas Supreme Court and unwilling to overturn this Court's precedent to require trial courts to provide a basis for their ruling when granting a motion for summary judgment. *See Joe,* 145 S.W.3d at 157; *Cortina,* 385 S.W.3d at 616.

Powitzky also argues that "if the trial court determined that [his] summary judgment

affidavits were conclusory or otherwise deficient . . . then [he] now asserts that the court erred in granting [Tilson's] motion on that basis, if it did" as the trial court should have provided him an opportunity to cure any defect. Because we determined that Powitzky did not raise a fact issue in support of an exception to the statute of repose, we do not reach Powitzky's contention that the trial court should have informed him of the alleged deficiencies in the affidavits before rendering judgment. *See* TEX. R. APP. P. 47.1.

We overrule Powitzky's fifth issue on appeal.

## V.    CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
29th day of October, 2015.

9