

# NUMBER 13-18-00182-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

COLLEGE RETAIL LLC,

Appellant,

v.

JEFFERSON CENTRAL
APPRAISAL DISTRICT,                           Appellee.

On appeal from the 58th District Court
of Jefferson County, Texas.

# O P I N I O N

**Before Justices Benavides, Hinojosa, and Perkes**
**Opinion by Justice Benavides**

Appellant College Retail LLC appeals the dismissal of its ad valorem tax challenge

against Jefferson Central Appraisal District (JCAD), appellee.[1]   By its single issue,

---

[1] This cause is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. §

College Retail argues that the trial court erred by granting the JCAD's plea to the jurisdiction. We reverse and remand.

## I. BACKGROUND

College Retail owns real property in Jefferson County in which it leases space to Conn's Home Plus. The JCAD values property in Jefferson County for tax purposes. On May 18, 2017, College Retail filed a protest of its 2017 property taxes. Conn's also filed a protest dated May 31, 2017, and filed an affidavit to be used at the Appraisal Review Board (ARB) scheduled for July 6, 2017. The JCAD advised College Retail and Conn's that Conn's affidavit could not be used at the hearing unless College Retail withdrew its protest. *See* TEX. TAX. CODE ANN. § 41.413(b). College Retail withdrew its protest on June 24, 2017. Conn's agent appeared at the protest hearing. The Notice of Determination of Protest and Order Determining Protest is dated July 25, 2017, and reflects no change in value.

College Retail filed suit in district court in Jefferson County on September 17, 2017, seeking a reduction in the assessed value of its property. It complained that the valuation was over market and unequal. Its original petition included a copy of the ARB determination which identified the property street address, the property account number, the tax year at issue, the legal description of the property, the case number, the property ID number, and reproduced the notice of final order within the petition. The JCAD filed a plea to the jurisdiction and a general denial in response. After some discovery, College

---

73.001. Because this is a transfer case, we apply precedent of the Ninth Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

2

Retail filed its first amended petition as College Retail LLC, as the property owner and for its tenant, Conn's. The JCAD responded. The JCAD's plea to the jurisdiction challenged the trial court's power to hear College Retail's appeal on the ground that College Retail failed to exhaust its administrative remedies. The trial court heard the plea to the jurisdiction on February 14, 2018, and dismissed College Retail's suit with prejudice. This appeal followed.

## II. PLEA TO THE JURISDICTION

College Retail's sole issue on appeal is that the trial court erroneously granted the plea to the jurisdiction. It argues that the purposes of administrative exhaustion were fulfilled here because the ARB heard and rejected challenges to the valuation of the property on the grounds of over market and unequal valuation, the grounds the owner complains of in this suit.

### A. Standard of Review and Applicable Law

The Texas Tax Code provides detailed administrative procedures for those who contest their property taxes. *See* TEX. TAX CODE ANN. §§ 41.01–.71; *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006); *see also Jefferson County Appraisal Dist. v. Morgan*, No. 2012 WL 403861, 2012 WL 403861, at *4 (Tex. App.—Beaumont Feb. 9, 2012, no pet.) (mem. op.). Administrative decisions are final if not appealed to the district court. TEX. TAX CODE ANN. § 42.21(a). The administrative procedures are "exclusive" and most defenses are barred if not raised therein. *Id.* § 42.09(a)(2). "[W]e have repeatedly held that a taxpayer's failure to pursue an [ARB] proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes." *Rourk*, 194

3

S.W.3d at 502 (citing *Matagorda County Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 331 (Tex. 2005)). If no proper party seeks judicial review of the board's decision within the statutory time period, the district court does not acquire subject-matter jurisdiction over the petition for review, and the board's valuation becomes final when the statutory time period expires. *Storguard Invs., LLC v. Harris County Appraisal Dist.*, 369 S.W.3d 605, 611–12 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

When determining whether a party has exhausted its administrative remedies, we rely on the statute that created the remedy. *See Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 544 (Tex. 2016) (describing agency's statutory authority to require exhaustion of administrative remedies before seeking judicial recourse). Statutory construction is an issue of law that we review de novo. *Loasiaga v. Cerda*, 379 S.W.3d 248, 254–55 (Tex. 2012); *Am. Hous. Found. v. Calhoun County Appraisal Dist.*, 198 S.W.3d 816, 818 (Tex. App.—Corpus Christi–Edinburg 2006, pet. denied); *Franks v. Woodville Indep. Sch. Dist.*, 132 S.W.3d 167, 169, n.3 (Tex. App.—Beaumont 2004, no pet.). Our primary objective is to determine and give effect to the Legislature's intent which we determine from the entire act, not just its isolated portions. TEX. GOV'T CODE ANN. § 312.005; *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *Am. Housing Found.*, 198 S.W.3d at 818.

A plea to the jurisdiction is a dilatory plea by which a party challenges the court's authority to determine the subject matter of the action. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject matter jurisdiction is a question of law that we review de novo. *Nueces*

4

*County v. Hoff*, 153 S.W.2d 45, 48 (Tex. 2004) (per curiam); *Montgomery Cty. Hosp. Dist. v. Smith*, 181 S.W.3d 844, 847 (Tex. App.—Beaumont 2005, no pet.).

## B.      Remedies for Property Owners

"Generally, only the property owner has standing to seek judicial review of an [ARB] order in the district court." *Storguard Invs., LLC*, 369 S.W.3d at 610–11; TEX. TAX CODE ANN. §§ 42.01–.031 (conferring right of appeal to property owners, certain lessees, chief appraiser, county, and taxing unit).   However, lessees of certain real property may file a protest to the taxing authority but; "[t]he protest provided by this subsection is limited to a single protest by either the property owner or the lessee."  TEX. TAX CODE ANN. §§ 41.413(b), 42.015 (appeal from protest); *see Dolenz, Life Estate v. Dallas Cent. Appraisal Dist.*, 293 S.W.3d 920, 922 (Tex. App.—Dallas 2009, pet. denied).   Here, Conn's filed a protest and appeared at the ARB hearing through its tax consultant. Conn's protest was unsuccessful.  Conn's did not appeal to the district court, although as lessee, it exhausted its administrative remedies.   The structure of the tax code permitted either the owner or the lessee to file a protest, not both.  TEX. TAX CODE ANN. § 41.413(b).

## C.      Discussion

The JCAD focuses on § 1.111(d) that provides an owner may not designate more than one agent to represent an owner in connection with an item of property, and notes that College Retail designated O'Conner & Associates regarding the property leased to Conn's.  However, JCAD ignores § 41.413(b) which provides that "[t]he lessee who protests "is considered the owner of the property for purposes of the protest."  TEX. TAX

5

CODE ANN. § 41.413(b). Additionally, "[t]he [ARB] shall deliver a copy of any notice relating to the protest and of the order determining the protest to the owner of the property and the person bringing the protest." *Id.* § 41.413(c). The lessee is still "considered the owner of the property for purposes of the appeal. The chief appraiser shall deliver a copy of any notice relating to the appeal to the owner of the property and to the person bringing the appeal." *Id.* § 42.015(b). There is also a right to intervene by one with standing in a suit that was timely filed. *See id.* § 42.016.[2] Finally, in § 42.21(h), the trial court:

> *has jurisdiction over an appeal under this chapter brought on behalf of a property owner or lessee* and the owner or lessee is *considered to have exhausted the owner's or lessee's administrative remedies* regardless of whether the petition correctly identifies the plaintiff as the owner or lessee of the property or correctly describes the property so long as *the property was the subject of an appraisal review board order*, *the petition was filed within the period required by Subsection (a)*, and the petition provides *sufficient information to identify the property that is the subject of the petition*. Whether the plaintiff is the proper party to bring the petition or whether the property needs to be further identified or described must be addressed by means of a special exception and correction of the petition by amendment as authorized by Subsection (e) and may not be the subject of a plea to the jurisdiction or a claim that the plaintiff has failed to exhaust the

---

[2] Section 42.016 provides:

A person is entitled to intervene in an appeal brought under this chapter and the person has standing and the court has jurisdiction in the appeal if the property that is the subject of the appeal was also the subject of a protest hearing and the person:

> (1) owned the property at any time during the tax year at issue;
>
> (2) leased the property at any time during the tax year at issue and the person filed the protest that resulted in the issuance of the order under appeal; or
>
> (3) is shown on the appraisal roll as the owner of the property or as a lessee authorized to file a protest and the person filed the protest that resulted in the issuance of the order under appeal.

TEX. TAX. CODE. ANN. § 42.016.

6

plaintiff's administrative remedies. If the petition is amended to add a plaintiff, the court on motion shall enter a docket control order to provide proper deadlines in response to the addition of the plaintiff.

*Id.* § 42.21(h) (emphasis added).

College Retail's property went through the ARB and received an order determining protest under the same theories presented by the property owner here, that the taxation is unequal and incorrect. Because the tax code does not allow both the owner and lessee to present the challenge jointly, and the lessee chose not to appeal, JCAD asserts that the trial court did not have jurisdiction over the owner's appeal.

Although a court should interpret a statute by reference to its language alone when it can do so, courts are not confined to isolated statutory words or phrases; instead they review the entire act to determine legislative intent. *See Gonzalez*, 82 S.W.3d at 327; *Town & Country Suites, L.C. v. Harris County Appraisal Dist.*, 461 S.W.3d 208, 211–21 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Am. Hous. Found.*, 198 S.W.3d at 818.

Subsection 42.21(h) compels a different result than that reached by the trial court. It specifically addresses the trial court's subject matter jurisdiction, and it is also the more recently amended statute. Subsection (h) was added in 2013. *See* Acts of 2013, 83rd Leg., R.S., Ch. 1259 (H.B. 585). Section 42.01(a)(1) has been substantially unchanged since 2000.

The JCAD admitted that College Retail's suit was timely filed, College Retail's original and amended petitions clearly and unequivocally identify the property at issue by including the notice of final order with all of the identifying property information, the property was the subject of an ARB order, and the JCAD filed no special exceptions that

7

appear in the record. As a result, the trial court had jurisdiction as set out in § 42.21(h). Accordingly, we sustain College Retail's sole issue. We express no opinion as to whether Conn's was properly added to the lawsuit as that issue is not before us.

### III. CONCLUSION

We reverse the trial court's judgment and remand to the trial court for further proceedings consistent with this opinion.

GINA M. BENAVIDES,
Justice

Delivered and filed the
22nd day of August, 2019.