

## NUMBER 13-18-00074-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

NUECES COUNTY, TEXAS, NUECES
COUNTY HOSPITAL DISTRICT, DEL MAR
PUBLIC JUNIOR COLLEGE DISTRICT, CITY
OF CORPUS CHRISTI, AND PORT ARANSAS
INDEPENDENT SCHOOL DISTRICT,                              Appellants,

v.

SUNDIAL OWNER'S ASSOCIATION, INC.,                        Appellee.

On appeal from the 105th District Court
of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

Seeking a refund of property taxes it paid from 2010 to 2014, appellee Sundial

Owner's Association, Inc. (SOA) sued five taxing entities:  appellants Nueces County,

Nueces County Hospital District, Del Mar Public Junior College District, the City of Corpus Christi, and Port Aransas Independent School District. The trial court denied a plea to the jurisdiction jointly filed by appellants. In this interlocutory appeal, appellants argue by four issues that the trial court erred. We affirm.

## I. BACKGROUND

This case involves property taxes assessed on certain units at Mustang Towers, a condominium complex in Port Aransas, Texas. SOA's live petition alleges that, from 2010 to 2014, Sundial Timeshare Corporation (STC) "was erroneously identified as the fee simple owner" of the units, and property tax statements for those units were sent to STC at SOA's address. SOA asserted that, although the tax code requires that written notice of an increase in a property's appraised value must be provided to the property owner, "[t]hese notices were not provided for 2010, 2011, 2012, 2013, or 2014" because "the notices went to [STC], not to [SOA]." SOA claimed that it nevertheless "erroneously" paid over $340,000 in taxes pursuant to these statements, and that it was therefore entitled to a refund. According to SOA, it submitted an application for refund to the Nueces County Assessor-Collector on December 9, 2015, but the application was denied. *See* TEX. TAX CODE ANN. § 31.11(a) (West, Westlaw through 2017 1st C.S.).

SOA initially filed suit on February 5, 2016. On January 12, 2018, the trial court granted partial summary judgment in favor of appellants, ruling that limitations barred SOA's claims as to tax years 2010, 2011, and 2012.[1] *See id.* § 31.11(c). Appellants then filed a plea to the jurisdiction as to SOA's remaining claims, arguing that: (1) their governmental immunity has not been waived with respect to SOA's claims for tax year

---

[1] A signed order to that effect is attached to appellant's brief, but does not appear in the record.

2013; and (2) the trial court lacked jurisdiction over the claims for both 2013 and 2014 "because property taxes for the subject properties are delinquent" for tax years 2015 and 2016. SOA filed a response to the plea. After a hearing, the trial court denied the plea, and this interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2017 1st C.S.) (permitting immediate appeal of interlocutory order denying a plea to the jurisdiction by a governmental unit).

## II. DISCUSSION

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id.*; *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, pet. denied). Whether a trial court has subject matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we

3

consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, even when the evidence implicates the merits of the cause of action. *Id.* at 227; *Blue*, 34 S.W.3d at 555; *see City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). In considering the evidence, we take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Miranda*, 133 S.W.3d at 227–28.

## B.     Applicable Law

Texas Tax Code section 25.19 states that the chief appraiser of an appraisal district "shall deliver a clear and understandable written notice to a property owner of the appraised value of the property owner's property if," among other things, the appraised value of the property is at least $1,000 greater than it was in the preceding year. TEX. TAX CODE ANN. § 25.19(a)(1), (e) (West, Westlaw through 2017 1st C.S.). But failure to receive notice required by section 25.19 "does not affect the validity of the appraisal of the property, the imposition of any tax on the basis of the appraisal, the existence of any tax lien, the deadline for filing an application for a residence homestead exemption, or any proceeding instituted to collect the tax." *Id.* § 25.19(d).

A taxpayer that believes it overpaid or erroneously paid property taxes may file an application for a refund with the collector for the taxing unit. *See id.* § 31.11(a). Generally, such an application must be made within three years after the date of the payment, or the right to the refund is waived. *Id.* § 31.11(c). "Not later than the 60th day after the date the collector for a taxing unit denies an application for a refund, the taxpayer may file suit against the taxing unit in district court to compel the payment of the refund." *Id.* § 31.11(k). If the taxpayer prevails in a suit to compel a refund, it may be awarded costs of court and

reasonable attorney's fees. *Id.*

## C. Analysis

### 1. Waiver of Immunity for Tax Year 2013 Claims

By its first issue, appellants contend there is no waiver of immunity for SOA's claim seeking refund of taxes paid for tax year 2013.

In its live petition, SOA argued that appellants' governmental immunity as to all of its claims is waived by tax code section 31.11(k) which, as stated above, provides in part that a taxpayer "may file suit against the taxing unit in district court" to compel payment of a refund. *Id.* On appeal, appellants do not dispute that section 31.11(k) serves as a clear and unambiguous waiver of immunity for all claims to which it properly applies.[2] Instead, they contend in their initial brief, without reference to authority, that "[t]he effective date for the waiver later created by the Legislature was 2014"; therefore, pursuant to case law construing the pre-2013 version of the statute, SOA's claims for tax years prior to 2014 are barred by immunity. *See Lewisville Indep. Sch. Dist. v. CH Townhomes, Inc.*, 346 S.W.3d 21, 24 (Tex. App.—Fort Worth 2011, pet. denied) (holding that tax code section 31.11(a) "does not clearly and unambiguously express a legislative intent to waive governmental immunity from suit").

We disagree. Section 31.11(k) was passed by the Legislature on May 22, 2013 and signed by the Governor on June 14, 2013. Because the enacting bill received the votes of at least two-thirds of all the members of each house of the Legislature, it became effective immediately upon the Governor's approval. *See* Act of May 22, 2013, 83rd Leg.,

---

[2] *Cf. Harris Cty. v. Falcon Hunter, LLC*, No. 14-18-00247-CV, 2019 WL 470400, at *6 (Tex. App.—Houston [14th Dist.] Feb. 7, 2019, no pet. h.) (mem. op.) (holding that "[n]othing in section 31.11," including subsection (k), "clearly and unambiguously waives governmental immunity from suit for the refusal of the tax assessor-collector to waive penalties, interest, or collection fees associated with delinquent taxes").

R.S., ch. 1259, §§ 17, 38(a)(1), 2013 Tex. Sess. Law Serv. ch. 1259; *see also* TEX. CONST. art. III, § 39. In their reply brief, appellants concede that the effective date of the statute is June 14, 2013. They nevertheless argue that SOA's suit is barred because it "seek[s] a refund of property taxes that were set before" that date. Again, we disagree. The claims at issue related to payments for tax year 2013, the application for refund was filed with the collector in 2015, and the lawsuit seeking to compel a refund was filed in 2016. Appellants do not cite any authority, and we find none, indicating that section 31.11(k) does not apply to waive immunity to SOA's claims related to tax years 2013 and later. *See* TEX. R. APP. P. 38.1(i). Appellants' first issue is overruled.

### 2. Delinquency

Appellants argue by their second issue that the trial court lacks jurisdiction because taxes for the properties at issue are delinquent for tax years 2015 and 2016.[3] Appellants cite tax code section 41.411(c), which states that a property owner seeking to protest the failure of the chief appraiser to give notice must comply with certain payment requirements, or else the owner "forfeits [its] right to a final determination of the protest." TEX. TAX CODE ANN. § 41.411(c) (West, Westlaw through 2017 1st C.S.).

Section 41.411, entitled "Protest of Failure to Give Notice," states in its entirety as follows:

(a) A property owner is entitled to protest before the appraisal review board the failure of the chief appraiser or the appraisal review board [(ARB)] to provide or deliver any notice to which the property owner is entitled.

(b) If failure to provide or deliver the notice is established, the appraisal review board shall determine a protest made by the property owner on any

---

[3] As evidence supporting their plea to the jurisdiction, appellants attached statements from the Nueces County Assessor-Collector dated July 11, 2016 and January 19, 2018 and addressed to STC. The statements show that property taxes were delinquent on some of the subject condominium units as of those dates.

6

other grounds of protest authorized by this title relating to the property to which the notice applies.

(c) A property owner who protests as provided by this section must comply with the payment requirements of Section 41.4115 or the property owner forfeits the property owner's right to a final determination of the protest.

*Id.* § 41.411. Section 41.4115, entitled "Forfeiture of Remedy for Nonpayment of Taxes,"

generally states in part:

Except as provided in Subsection (d) [regarding the filing of an oath of inability to pay the taxes at issue], a property owner who files a protest under Section 41.411 must pay the amount of taxes due on the portion of the taxable value of the property subject to the protest that is not in dispute before the delinquency date or the property owner forfeits the right to proceed to a final determination of the protest.

*Id.* § 41.4115 (West, Westlaw through 2017 1st C.S.).

We disagree that application of these statutes serves to deprive the trial court of jurisdiction in this case, for several reasons. First, SOA's suit is not a protest to the ARB under section 41.411; rather, it is a suit under section 31.11(k) seeking to compel the taxing entities to refund taxes which were allegedly erroneously paid. *See id.* §§ 31.11(k), 41.411. Second, even if SOA were required to comply with the partial payment requirement of section 41.4115, it would not be required to pay anything in this case because it contends that *all* of the payments it made for the tax years at issue were erroneous—in other words, there is no "portion of the taxable value of the property subject to the protest that is not in dispute." *See id.* § 41.4115. Third, even if SOA failed to comply with the partial payment requirement of section 41.4115, that statute provides only that such failure would result in the forfeiture of its "right to proceed to a final determination of the protest" before the ARB—the statute says nothing about the availability of judicial review of the denial of a refund claim under section 31.11(k). *See id.* §§ 31.11(k), 41.4115. We overrule appellants' second issue.

7

### 3. Voluntary Payment

Appellants argue by their third issue that the trial court lacks jurisdiction because SOA made the subject payments voluntarily. Appellants argue that "taxes paid voluntarily may not be recovered by a taxpayer, even if a tax is illegal" and that "[t]he only exceptions to the rule against the recovery of voluntary payments of an illegal tax are (1) fraud; (2) express or implied duress; and (3) mutual mistake of fact." *Salvaggio v. Houston Indep. Sch. Dist.*, 709 S.W.2d 306, 308 (Tex. App.—Houston [14th Dist.] 1986, writ dism'd); *see Brooks Cty. Cent. Appraisal Dist. v. Tipperary Energy Corp.*, 847 S.W.2d 592, 595 (Tex. App.—San Antonio 1992, no writ) ("In Texas, the voluntary payment rule is inapplicable when the payor is not aware of all relevant facts.").

This argument goes strictly to the merits of SOA's suit, which is not at issue at this stage of the proceedings. *See Blue*, 34 S.W.3d at 554. Again, appellants do not dispute that section 31.11(k), the statute under which SOA's suit has been filed, clearly and unambiguously waives governmental immunity for suits seeking to compel a refund that has been refused by the chief collector. Appellants cite no authority, and we find none, stating that the trial court's jurisdiction over a section 31.11(k) suit is dependent on the merits of the plaintiff's underlying refund claim. *See* TEX. R. APP. P. 38.1(i); *cf. Zachry Const. Corp. v. Port of Houston Auth. of Harris Cty.*, 449 S.W.3d 98, 109 (Tex. 2014) (holding that local government code chapter 271 "waives immunity for contract claims that meet certain conditions" and therefore, to invoke the waiver under that statute, a plaintiff must raise "a substantial claim that meets" those conditions, but noting that "[t]he waiver does not depend on the outcome" of the claim). We observe that, unlike many other statutes waiving governmental immunity to suit, section 31.11(k) does not state that its

waiver is limited to the extent of liability created by the statute, nor does it state that its waiver is subject to the terms and conditions of the statute. *Compare* TEX. TAX CODE ANN. § 31.11(k) ("Not later than the 60th day after the date the collector for a taxing unit denies an application for a refund, the taxpayer may file suit against the taxing unit in district court to compel the payment of the refund.") *with* TEX. CIV. PRAC. & REM. CODE ANN. § 63.007(b) (West, Westlaw through 2017 1st C.S.) ("The state's sovereign immunity to suit is waived only to the extent necessary to authorize a garnishment action in accordance with this section."), *id.* § 81.010(d) (West, Westlaw through 2017 1st C.S.) ("Governmental immunity to suit is waived and abolished only to the extent of the liability created by Subsection (b)."), *id.* § 101.025(a) (West, Westlaw through 2017 1st C.S.) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter."), *id.* § 110.008(a) (West, Westlaw through 2017 1st C.S.) ("[S]overeign immunity to suit and from liability is waived and abolished to the extent of liability created by Section 110.005."), TEX. FAM. CODE ANN. § 261.110(f) (West, Westlaw through 2017 1st C.S.) ("Sovereign immunity is waived and abolished to the extent of liability created by this section."), TEX. GOV'T CODE ANN. § 411.209(h) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this section."), *id.* § 554.0035 (West, Westlaw through 2017 1st C.S.) ("Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter."), *id.* § 752.056(e) (West, Westlaw through 2017 1st C.S.) ("Sovereign immunity of this state and governmental immunity of a county and municipality to suit is waived and abolished to the extent of liability created by this section."), *id.* § 2007.004(a) (West, Westlaw through 2017 1st C.S.) ("Sovereign immunity to suit and liability is waived and

9

abolished to the extent of liability created by this chapter."), TEX. LAB. CODE ANN. § 451.0025(b) (West, Westlaw through 2017 1st C.S.) ("Sovereign or governmental immunity from suit is waived and abolished to the extent of liability created by this chapter."), TEX. LOC. GOV'T CODE ANN. § 174.008 ("[S]overeign or governmental immunity from suit and liability is waived only to the extent necessary to enforce this chapter . . . ."), *id.* § 180.006(b) (West, Westlaw through 2017 1st C.S.) ("Sovereign and governmental immunity of the employing municipality from suit and liability is waived only to the extent of liability for the monetary benefits or monetary civil penalties described by Subsection (b)."), *id.* § 271.152 (West, Westlaw through 2017 1st C.S.) ("A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter."), *id.* § 272.006(f) (West, Westlaw through 2017 1st C.S.) ("Governmental immunity to suit and from liability is waived and abolished to the extent of liability created by Subsection (d)."), *and* TEX. PARKS & WILD. CODE ANN. § 11.359 (West, Westlaw through 2017 1st C.S.) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this subchapter."). Accordingly, whether SOA made the tax payments voluntarily, and whether this would bar SOA's refund claim, are issues beyond the narrow jurisdictional inquiry presented to the trial court in this case. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 637–38 (Tex. 2012) (observing that the plaintiff's burden of proof with respect to jurisdictional facts "must not involve a significant inquiry into the substance of the claims" and that "[c]ases may exist where the trial court decides, in the exercise of its broad discretion over these matters, that the inquiry is reaching too

10

far into the substance of the claims and should therefore await a fuller development of the merits").

Appellants' third issue is overruled.

### 4.    Conditions Precedent and Exhaustion of Administrative Remedies

Finally, by their fourth issue, appellants contend the trial court lacks jurisdiction because conditions precedent have not been met.  Specifically, they contend that SOA "did not file a protest or seek judicial review of a decision of the [ARB]."

Under tax code chapter 41, a property owner is entitled to protest several actions before the ARB, including a "determination that the property owner is the owner of the property."  TEX. TAX CODE ANN. § 41.41(a)(7) (West, Westlaw through 2017 1st C.S.).  A property owner may also protest before the ARB the failure of the chief appraiser to provide any notice to which the property owner is entitled.  *Id.* § 41.411.  Under tax code chapter 42, if the property owner is unsatisfied with the ARB's decision, it may appeal that decision by filing a petition for judicial review with the district court within 60 days after receiving notice of the decision.  *Id.* § 42.21(a) (West, Westlaw through 2017 1st C.S.).  Failure to timely file a petition bars any appeal under chapter 42.  *Id.*

Appellants argue that SOA "did not comply with the prerequisites for judicial review" because "[i]t did not timely file anything with the ARB for tax year 2013, and it has already unsuccessfully taken a direct appeal of the decision for tax year 2014."[4]

---

[4] As evidence supporting their plea to the jurisdiction, appellants attached a copy of an amended petition for review filed by SOA in 2015, as well as an order dismissing the petition pursuant to a plea to the jurisdiction filed by Nueces County Appraisal District.  The petition for review sought to challenge the ARB's decision denying SOA's claim that the assessor-collector overvalued its interests in the subject properties for tax year 2014.  According to SOA's petition, "[t]he erroneous values were based on a fee simple ownership assumption; however, [SOA] does not own these properties in fee simple."  Instead, SOA asserted that "[t]hese properties are subject to 51 weeks of interval ownership interests also commonly known as 'time-share' interests" and that SOA "is the record and legal title owner of only one week of each of the units."

According to appellants, the trial court has no jurisdiction over claims related to tax year 2013 because SOA failed to exhaust its administrative remedies; and it lacks jurisdiction over claims related to tax year 2014 because SOA "has already taken an appeal to the District Court."

Appellants assert that the trial court "has no jurisdiction to review issues that must first be ruled upon by the ARB," but they do not cite any authority, and we find none, establishing that a party challenging the collector's denial of an application for refund of allegedly erroneously paid property taxes "must" first challenge that denial by filing a protest with the ARB. Instead, case law establishes the contrary. *See Brooks Cty. Cent. Appraisal Dist.*, 847 S.W.2d at 596 (rejecting taxing entities' assertion that an ARB protest and judicial review under chapters 41 and 42 are exclusive remedies under the tax code for taxpayers challenging the denial of a refund); *Cockerell v. Taylor Cty.*, 814 S.W.2d 892, 894 (Tex. App.—Eastland 1991, writ denied) (disagreeing with taxing entities' argument that "judicial review of a denial of a refund under Section 31.11 must come under the provisions of Sections 42.01 et seq.").

"Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034 (West, Westlaw through 2017 1st C.S.). But unlike petitions for review under tax code chapter 42, the exhaustion of administrative remedies before the ARB is not a prerequisite to suit under section 31.11(k). Further, while section 41.411 states that a property owner "is entitled" to protest the lack of notice with the ARB, it does not state that a property owner who declines to exercise that right may not later seek to compel the issuance of a refund on the basis of lack of notice by filing suit in district court.

12

And, to the extent appellants imply that the trial court lacks jurisdiction over SOA's claims regarding tax year 2014 because have already been litigated, they are incorrect. Their evidence shows that SOA filed a petition for judicial review regarding the valuation of the properties at issue, but as it recognizes, SOA has never previously sought a judicial determination of whether it properly received notice, as it claims in the instant suit. In any event, even if this issue had already been litigated and judicially determined, appellants cite no authority establishing that this would deprive the trial court of jurisdiction over the present suit. *See* TEX. R. APP. P. 38.1(i).

Appellants cite *Texas National Bank of Baytown v. Harris County*, where the court of appeals held:

> It is clear from the language of the statute itself that Section 31.11 applies only in cases where the tax is correctly assessed but the taxpayer erred in paying it. Such cases would include accidental payment on the wrong account, inadvertent payment of a greater amount than that assessed or an overpayment caused by errors in calculation.
>
> The [plaintiff's] real complaint here is that its stock was improperly valued by the inclusion of the federal obligations it owned. This situation is covered by Chapters 41 and 42 of the Code and its procedures must be followed to protest valuation of the property to be taxed and to preserve the taxpayers' right of appeal. Section 42.09 provides that the remedies and procedures for protest prescribed by chapters 41 and 42 are exclusive.

765 S.W.2d 823, 826 (Tex. App.—Houston [14th Dist.] 1988, writ denied). This case is not similar to *Texas National Bank of Baytown*, because SOA's "real complaint" is not that the property was improperly valued. Rather, SOA is complaining that, although the tax may have been correctly assessed, it erred in paying it, which is exactly the type of suit contemplated by section 31.11. *See id.*

We overrule appellants' fourth issue.

### III. CONCLUSION

We conclude the trial court did not err by denying appellants' plea to the jurisdiction.  The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Delivered and filed the
21st day of March, 2019.